IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

---

MIDDLE DISTRICT—HARRISBURG 1860.

---

## Daniel Steffy *versus* George Carpenter.

*Amendments to Declaration.—Right of Way by User.—Declarations of Party.*

1. The rule to be observed in permitting amendments to declarations, or the filing of new counts, is that the cause of action must remain substantially the same. Within this limit, amendments intended to reach the merits of the case, are to be liberally allowed.

2. In an action on the case, for obstructing a private way, it is not error to reject evidence of an opinion expressed by one of the parties, as to the extent of his rights, where no one was injured by it.

3. Whether a right of way has been acquired, or not, by an uninterrupted user for twenty-one years, is a question for the jury; and where such user is proved they will be justified in presuming it adverse, unless it be rebutted by proof of license or agreement.

ERROR to the Common Pleas of *Lancaster county.*

This was an action on the case brought by George Carpenter against Daniel Steffy, for obstructing a private way claimed by him, over the adjacent lands of the defendant.

The plaintiff was the owner of two adjoining tracts of land in Warwick township, Lancaster county; one of which, containing about seven acres, was bounded in front by the Lexington road; the other, containing about four acres, was situated at some distance from the road, in the rear of the first tract.

In front of this four-acre tract, between it and the Lexington road, and adjoining the seven-acre tract of the plaintiff, was a tract of land belonging to the defendant, containing about eight

(41)

[Steffy *v.* Carpenter.]

acres, through which this right of way was claimed. The obstruction complained of, was a fence which the defendant had erected in such a way as to interfere with the free use of the road.

The six-acre tract and the four-acre tract were at one time the property of F. P. Kreider, who, on the 4th of June 1813, conveyed the one containing the four acres (now owned by the plaintiff), to Benjamin Kreider, with a free and unmolested passage from the public road to the same, over the six-acre tract (now owned by defendant), "along and near the dividing line between the same and the seven-acre tract," which was, at that time, owned by Peter Maintzer. This right of way was inserted in the successive conveyances of the four-acre lot, to George Kuel, Peter Maintzer, and to David Kline, respectively; but in the deed from Kline to Susan Hollinger, under whom the plaintiff claimed, dated March 31st 1836, it was omitted. The right of way, or passage over this land, was used by the plaintiff, and those under whom he claimed, from the year 1826 until the obstruction complained of, not precisely as in the deed, but occupying very nearly the line between the six and seven acre tracts.

In his declaration filed June 4th 1858, the plaintiff claimed a right of way, in the language of the grant to Kreider and his assigns, to wit, wholly over the six-acre tract, averring the obstruction above mentioned by the defendant. On the same day he entered a rule for the choosing of arbitrators, who were accordingly chosen on the 22d of June 1858. This was followed by an award of arbitrators in favour of plaintiff, and an appeal by defendant.

On the 30th of April 1859, defendant pleaded "not guilty," and on the 30th of May he added the plea of "*liberum tenementum.*" On the 24th of June the plaintiff, by leave of the court, filed an amended *narr.*, claiming a right of way from his "dwelling-house and the land adjacent, running in part on, over, and across the lands of the defendant, at or nearly along the line dividing plaintiff's and defendant's lands, towards and into a certain public road, &c.," and averring the same obstruction. The filing of this count was objected to by defendant, as containing "a new, independent, and substantive cause of action, differing essentially from the declaration filed."

On the 2d of August the defendant added an additional plea, to the effect that "the plaintiff, and those whose estate he hath, have not had, nor have been used and accustomed to have, nor by right ought to have had, nor ought the plaintiff, of right, still have for himself and the occupiers of his land, the right of way to pass and repass over the lands of the defendant, as alleged and set forth in the plaintiff's declaration." On the issue thus made up the parties went to trial.

Exception was taken to the rejection of certain testimony

[Steffy *v.* Carpenter.]

offered by defendant, and to the answer of the court to certain points propounded by him, all which are fully noticed in the opinion of the court.

The court below (HAYES, P. J.) charged the jury that a right of way by grant was out of question in the case, and that a right by necessity or operation of law was also untenable; but that "a right of way over another's ground might be acquired by prescription, or, in this state, by twenty-one years of undis- puted and uninterrupted use and enjoyment;" that if the jury were satisfied that the plaintiff had used and enjoyed the lane for that length of time, before bringing suit in 1858, his right was as good as if conferred by deed, and the plaintiff would be entitled to such damages as they deemed proper; that nominal damages were sufficient: but if they were not satisfied as to this use, then their verdict should be for the defendant. The jury found in favour of the plaintiff, with six cents damages. A mo- tion was then made by the defendant for a new trial, and in arrest of judgment, which, on argument, was overruled, and judgment being entered on the verdict, the defendant sued out this writ. Sixteen specifications of error were assigned, and those noticed by the court are set forth in the following opinion.

The case was argued by *B.* and *Ed. Champneys*, for plaintiff in error, and by *W. R. Wilson*, for defendant in error.

The opinion of the court was delivered, May 25th 1860, by

THOMPSON, J.—Judging of the amendment of the *narr.*, by the cause of action set forth in the original count—and this is the only test—we think it was properly allowed. It was simply a statement of the same wrong done, as contained in the first count, to the right of way to which the plaintiff alleged he was entitled; with a slight difference in the description of the *locus* of the way, and without any special designation of the property to which it was claimed to be appurtenant. It is vain to contend that it is another and different road from that to which obstruction by the defendant was charged in the first count. The *termini* were the same—the general course of it, and the user alleged were the same, and so it was treated by the court, and must have been so understood by the jury. The rule to be observed in granting or refusing amendments under our statute is, that the cause of action be substantially the same, and within this limit, amend- ments intended to reach the merits of each respective case are liberally allowed; and this is the only limit applicable to amend- ments after an award and appeal. The cases bearing on this point, with these distinctive features, where amendments have been refused in cases of appeal, are to be found collected and reviewed by Mr. Justice Bell, in Schoeneman *v.* Fegely, 7 Barr

[Steffy *v.* Carpenter.]

433, and in which it was said by the learned judge, in speaking of an amendment in case of an appeal, "that can make no difference, so long as there is no attempt to introduce new matter altogether distinct from the transaction originally set forth." This is undoubtedly an accurate exposition of the practice under the Act of Assembly, and we need not marshal authorities to prove it. The shape testimony may assume afterwards on the trial is not the test of the propriety of the amendment—the testimony is ruled by the *narr.* If that contains no new cause of action, the testimony cannot be allowed to prove any such, if objected to. It seems to me that the plaintiff in error seeks to make this the test of the amendment, and in this we do not agree with him. We think the amendment was allowable.

There was no error in the rejection of the testimony of Isaac Erstler, nor that of Lewis Demmy. The testimony of the former amounted to proof of no facts. It was but matter of opinion, by which he was not bound, as no one was injured by it—and the latter could not be called to contradict a witness about a matter to which the witness's attention had not been previously called.

We have very carefully considered the other numerous assignments of error in the case, and find nothing to correct, or which requires much discussion or illustration. The case was left to the jury, under instructions in answer to the defendant's 9th point, "that a right by prescription could be acquired to a way over another's land by proof of twenty-one years' uninterrupted, adverse, or undisputed enjoyment or use of it, and that this was a question for the jury to determine from the evidence; that if the plaintiff had proved this, he was entitled to recover, if not, their verdict should be for the defendant." The objection to this was that no such enjoyment had been established. There certainly was evidence on this point, evidence of a user by the plaintiff, and those under whom he claimed for thirty-five or forty years, by, along, and over the very ground in dispute. If the objection meant that it was not shown to have been adverse, the first answer is, that this was a question for the jury. Secondly, this would and ought to be presumed, from an uninterrupted user for twenty-one years and upwards, when it was not rebutted by showing a license or agreement so to use it: Worrall *v.* Rhodes, 2 Whar. 427. In such a case, "it comes," said Lord Ellenborough, in Campbell *v.* Wilson, 3 East 300, "to the common case of adverse enjoyment of a way for upwards of twenty-one years, without anything to qualify that adverse enjoyment." See same principle in Garrett *v.* Jackson, 8 Harris 331; Okeson *v.* Patterson, 5 Casey 22.

We see nothing wrong in this answer, nor in the portions of the charge on the same point on which error has been assigned. It seems quite manifest, from a perusal of the testimony, that

[Steffy v. Carpenter.]

the court and jury arrived at a very just conclusion on the merits of the controversy. A way had long existed, partly on the plaintiff's and partly on the defendant's land, once all belonging to the same tract. Between the original owner and down to the defendant, there had been no dispute that we hear of. Acquiring title by sheriff's sale from one of them, he becomes reformer, and attempts to disturb long-settled arrangements. He makes the attempt without merit, and the technicalities of the law on which he now relies are not sufficient to render his attempt successful.

Judgment affirmed.