## Mary A. Todd, Appellant, *v.* the Quaker City Mutual Fire Insurance Company.

*Amendments of right—Act of* 1806—*Appeals—Practice, C. P.*

A proper amendment may be allowed at any stage of the proceedings in the court below and, if improperly refused, it will be allowed on appeal in the appellate court. Amendments under the act of 1806 being prescribed by law, are not discretionary but mandatory, and therefore subject to writs of error.

*Amendments—Test as to new cause of action.*

Amendments should be liberally allowed, and the test of their propriety is whether they introduce a new cause of action. The shape testimony

may assume afterwards on the trial is not the test of the propriety of the amendment; the testimony cannot be allowed to prove any such new cause of action if objected to.

*Insurance—Amendment to statement after evidence was in.*

In an action to recover on a policy of insurance it was error, after the evidence was in, to refuse to permit plaintiff to amend by inserting a clause in the statement as follows: Whereupon defendant company, then and there promised to pay to the said plaintiff the sum of $400, being the amount of said insurance.

*Practice, C. P.—Pleading—Amendment—Cause of action—Insurance.*

The suit being on a policy of insurance the cause of action is not changed by an amendment, which reduces the controversy to the one question of whether there had been an adjustment and settlement of the loss by a duly authorized representative of the defendant company followed by a promise to pay the loss so ascertained.

Argued March 17, 1898.    Appeal, No. 37, March T., 1898, by plaintiff, from judgment of C. P. Juniata Co., Feb. T., 1897, No. 33, on verdict for defendant.    Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit on policy of insurance.    Before LYONS, P. J.

For a general statement of facts under which this and the preceding case arose, see statement of facts in preceding case, p. 371.

At the trial of this case plaintiff moved to amend statement by inserting the following: "Whereupon the said defendant company then and there promised to pay to the said plaintiff the sum of $400, being the amount of the said insurance." The court denied this motion and gave as his reason that it came too late: "The evidence in this case having been closed on both sides and after the presentation of points, and the court having intimated that the case would be taken from the jury, as requested by counsel for defendant, this motion comes too late and it is therefore refused." This forms the ground for the first assignment of error. [1]

Defendant company set up as a defense against recovering on the policy that the policy was void by reason of the entry of a judgment in the court of common pleas of Juniata county, subsequent to the date of the policy, in violation of article 18 of the by-laws.

The court below directed a verdict for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) in overruling plaintiff's motion to amend the statement, reciting same. (3) In answer to plaintiff's second point, which point and answer are as follows: "2. That if the jury believe from the evidence that A. T. Cross, secretary, treasurer and member of the executive committee of the defendant company settled, adjusted and agreed to pay the loss upon the stable and structures insured in the policy in suit on or about July 30, 1896, at the sum of $400, that this would constitute a waiver of all the conditions now set up by the company as a defense in this action, and your verdict should be for the plaintiff. *Answer:* We would affirm this point if the evidence showed that the company had knowledge of the conditions being breached which are set up as a defense by the company, but as the uncontradicted evidence shows that the company had no actual knowledge of the incumbrance falling upon the property by entering of the judgment of T. J. Middagh against the plaintiff for the sum of $900 there could be no recovery against this plaintiff." (5) In affirming point presented by defendant, which point is as follows: " The defendant having shown from the record that on February 15, 1896, after this policy was issued to the plaintiff, a judgment was entered in the court of common pleas of Juniata county, of April term, 1896, No. 18, by T. J. Middagh for use of Pomroy, Patterson, Jacobs & Company against the plaintiff for $900 with interest from March 1, 1896, attorney's commission ; and costs, and that no notice of the entry of said judgment wa ; given to the defendant, and that said defendant never consented thereto and had no knowledge that the plaintiff's property had become incumbered and no agreement permitting said incumbrance being indorsed upon or added to said policy, the said policy therefore became void under the provisions of said by-laws and plaintiff cannot recover." (6) In admitting evidence offered by defendant for which a bill was sealed as follows: " Counsel for defendant proposes to prove that any alleged statements, even if proved were made by the witness, do not bind the company, because he had no authority to make them. By the Court: The witness could not show himself that he had

no authority to make them.   He was one of the executive of-
ficers of the company.   Mr. Atkinson : Being secretary of the
company the law would fix his powers and he went there as an
adjuster.   He was sent there in response to our notice that the
fire had destroyed our property.   And the further objection is
made, that any limitation of his powers that there may have
been were not known to Mrs. Todd and, therefore, the company
cannot take advantage of her by reason of any limitation of the
powers of this man, he holding himself out as secretary, treas-
urer and adjuster.   By the Court: The question is permitted
to be asked the witness what authority is delegated to the sec-
retary of the company.   Authority outside of the ordinary duties
of a secretary has not been shown and the duty of adjusting
losses, or settling therefor, would not devolve upon the secre-
tary by virtue of his office as such except additional duties im-
posed upon him by some resolution of the defendant company.
We therefore overrule the objection and admit the evidence to
which the plaintiff excepts and bill sealed. "   (7)  In directing
the jury to find for defendant.

*J. Howard Neely* and *L. E. Atkinson,* for appellant.—The
motion to amend the plaintiff's statement was made when the
evidence was closed and points presented.   It should have been
allowed.   It was not too late.   The Act of March 21, 1806,
4 Sm. L. 326, sec. 6, is mandatory.   It declares the "plaintiff
shall be permitted to amend his declaration or statement."

That the amendment is a matter of right, even after verdict,
the following are a few of the authorities :  Hirst v. Randall,
9 W. N. C. 349 ;  Bolton v. King, 115 Pa. 78 ;  Williams v. Hay,
120 Pa. 485 ;  Railroad Co. v. Rohrman, 13 W. N. C. 258 ;
Bank v. Hall, 107 Pa. 583 ;  Railroad Co. v. Harkins, 149 Pa.
121:

In  Bank v. Hall, 107 Pa. 583, it was  held  that an amend-
ment to a narr was a right after verdict, it being simply to
conform to the pleadings and evidence.

That an amendment is a matter of right after judgment upon
the verdict, we cite the following authorities :  Ins. Co. v.
Adams, 10 Atl. 895 ;  Bitterling v. Deshler, 160 Pa. 1 ;  Build-
ing Association v. Foley, 2 Pears. 265.

In  Building Association v. Foley, 2 Pears. 265, it is held

that a scire facias upon a mortgage may be amended after a trial on the merits and judgment on the verdict.

That an amendment is a matter of right after appeal to the Supreme Court the following are authorities: Thompson v. Mattern, 115 Pa. 501; Adams v. Edwards, 115 Pa. 211.

The lower court may amend its record after a certiorari has been issued, before the return day of the latter: Church's Appeal, 103 Pa. 263.

The record is within the reach of the court below for the correction of clerical errors until the return day of a writ of error; and this whether the record is in fact made up and transmitted or only constructively removed: Gunn v. Bowers, 126 Pa. 552.

In Shaffer v. Eichert, 132 Pa. 285, the amendment was allowed in the Supreme Court.

The Supreme Court will consider an amendment of the declaration, which could have been made after verdict, as having been made: Trainor v. Phila. & Reading R. R. Co., 137 Pa. 148. See also Brothers v. Mitchell, 157 Pa. 484; Clifford v. Ins. Co., 161 Pa. 257; Weaver v. Iselin, 161 Pa. 386.

Under this Act of March 21, 1806, 4 Sm. L. 326, sec. 6, amendments are matters of right, and do not lie in the discretion of the court: consequently the granting or refusing of an amendment is subject to revision by the Supreme Court on a writ of error: Young v. Com., 6 Binn. 88; Clymer v. Thomas, 7 S. & R. 178. See also Hopkins v. Mehaffy, 11 S. & R. 126; Garvin v. Dawson, 13 S. & R. 245; Sharp v. Sharp, 13 S. & R. 444.

It is only from the refusal or granting of statutory amendments, which are demandable of right that an appeal lies: Clymer v. Thomas, 7 S. & R. 178; Proper v. Luce, 3 P. & W. 65; Tryon v. Miller, 1 Wh. 11.

An amendment is a matter of right after counsel have summed up to the jury: Yohe v. Robertson, 2 Wh. 155; Ins. Co. v. Findlay, 6 Wh. 483.

If defendant was surprised by the amendment, it had a right to ask a continuance: Act of March 21, 1806, 4 Sm. L. 326, sec. 6.

A compromise of these three claims was complete and A. T. Cross promised to pay the several amounts agreed upon.

After this compromise agreement it was error for the court to hold that the entry of the judgment of which the company had no actual knowledge when A. T. Cross made the compromise was a valid defense against recovery : Wagner v. Ins. Co., 143 Pa. 338.

A compromise, fairly entered into, discharges the original cause of action which cannot be recurred to by either party : Turnpike Co. v. Hendel, 11 S. & R. 123 ; 2 Wood on Fire Insurance, sec. 450; Ins. Co. v. Barnes, 21 Pac. Rep. 165; Gristock v. Ins. Co., 49 N. W. Rep. 634; Dennis v. Ins. Co., 4 Pa. Superior Ct. 225.

When the agent of the company made the compromise, if he meant to insist upon the entry of the judgment as a defense against the claim, it was his duty to make inquiry, when inquiry would lead to knowledge.   Not having done so is evidence that the company intended to waive all defenses : Hottenstein v. Lerch, 104 Pa. 454; Morgan's Appeal, 126 Pa. 500 ; Roos v. Conwell, 7 Kulp, 113.

To allow this defense to be now set up would be to entrap the insured and work a forfeiture of her policy : Helme v. Ins. Co., 61 Pa. 107 ; Kister v. Ins. Co., 128 Pa. 553.

A limitation or condition in a policy of insurance intended for the benefit of the corporation may be waived by it and the fact of waiver is a question for the jury : Coursin v. Ins. Co., 46 Pa. 323 ; McFarland v. Ins. Co., 134 Pa. 590 ; Gould v. Ins. Co., 134 Pa. 570; Marthinson v. Ins. Co., 64 Mich. 372; Clement's Fire Insurance Digest, 625, sec. 20; McGonigle v. Ins. Co., 168 Pa. 1; Welsh v. Assurance Corporation, 151 Pa. 607.

A. T. Cross being secretary and director of the company had actual authority to compromise and adjust this claim.   As such secretary and director the company is bound by everything A. T. Cross said and did: Flannery Bros. v. Ins. Co., 175 Pa. 387 ; Haas v. Ins. Co., 49 Hun, 272 ; Hubbard v. Tenbrook, 124 Pa. 291; Griswold v. Gebbie, 126 Pa. 353.

The extent of an agent's powers depends upon the authority under which he acts.   This may be shown by his written instructions or course of dealing: Himes v. Herr, 3 Pa. Superior Ct. 124; Ins. Co. v. Shultz, 82 Pa. 46; Schrack v. McNight, 84 Pa. 26; Hubbard v. Tenbrook, 124 Pa. 291.

The question of waiver should have been submitted to the jury.

The theory upon which the clause in the policy rests (clause against incumbrances) is that incumbered property is not as safe a risk as property that is free from liens, and many companies require a higher rate of insurance in such cases: Seybert v. Ins. Co., 103 Pa. 282.

*James C. Sellers*, with him *T. M. Uttley & Son*, for appellee.— A judgment will not be reversed for error which has worked no harm to the party excepting. If this court is of opinion that the motion to amend should have been granted, there is no reason why the amendment cannot now be allowed and the case considered as if the original motion had not been denied: Trainor v. P. & R. Railroad Co., 137 Pa. 148.

A condition in a policy of fire insurance that if the property insured shall become incumbered by mortgage, judgment or otherwise, the policy shall be null and void, unless the written consent of the company be obtained, is broken when an incumbrance falls upon the property, whether the assured has actual knowledge of it or not, and no recovery can be had without a continuance of the policy by the written consent of the company: Hench v. Agricultural Ins. Co., 122 Pa. 128 ; Renninger v. Ins. Co., 168 Pa. 350.

The testimony of the assured was merely that she made a claim for $400, and the secretary told her to send in her proof sheet. If the claim had been adjusted at $400, there was no need of the proof sheet. The proof was required for the purpose of informing the company of the facts bearing on the loss and establishing the amount claimed: Ins. Co. v. Miller, 120 Pa. 504; McFarland v. Ins. Co., 134 Pa. 590.

In Freedman v. Ins. Co., 175 Pa. 350, the facts and even the language relied on to establish a waiver were very similar to those in the present case.

There is ample authority, without the necessity of going outside of Pennsylvania, to establish the correctness of this ruling by the court below: Diehl v. Ins. Co., 58 Pa. 443 ; Ins. Co. v. Miller, 120 Pa. 504.

But the question raised in the present case has, it is submitted, been conclusively settled in Freedman v. Fire Association, 168 Pa. 249, and Freedman v. Ins. Co., 175 Pa. 350 already cited.

It is well settled that where a man warrants a statement to be true he must be held to its absolute truth.    The purpose in requiring a warranty is to dispense with inquiry and cast upon the assured the obligation that the facts shall be as represented: Ins. Co. v. Fromm, 100 Pa. 347; Lennox v. Ins. Co., 2 Pa. Superior Ct. 431.

It has already been argued that under Freedman v. Fire Association, 168 Pa. 249, and Freedman v. Ins. Co., 175 Pa. 350, and 182 Pa. 64, to which may be added Flynn v. Ins. Co., 4 Pa. Superior Ct. 137, the evidence as to the acts of the secretary and the subsequent correspondence, was insufficient to establish a waiver.

OPINION BY ORLADY, J., January 18, 1899:

At the conclusion of the trial of this cause and before it was submitted to the jury, the plaintiff moved for leave to amend her statement, which concluded, viz: " Yet the defendant has not paid to the plaintiff the said sum of money by it insured, nor repaid nor reimbursed her for the loss sustained by the said fire or any part thereof," by inserting immediately preceding the part quoted, the following, " Whereupon the said defendant company then and there promised to pay to the said plaintiff the sum of four hundred dollars being the amount of said insurance."    The evidence was all in and the amendment was urged so as to make the statement conform to the proof adduced, and in regard to which the court was specially requested to refer to the jury the facts in the second point submitted by the plaintiff, viz: " That if the jury believe from the evidence that A. T. Cross, secretary, treasurer and member of the executive committee of the defendant company, settled, adjusted and agreed to pay the loss upon the stable and structures insured in the policy in suit on or about July 30, 1896, at the sum of four hundred dollars. That this would constitute a waiver of all the conditions now set up by the company as a defense in this action and your verdict should be for the plaintiff."    The court negatived the point, and refused to allow the amendment for the reason that it was made too late.    If the court erred in refusing to allow the plaintiff to amend, it may be treated by this court as having been allowed—Trainor v. Pa. R. R. Co., 137 Pa. 148; Kroegher v. McConway, 149 Pa. 444  and the appellee admits that it is

utterly immaterial, so far as his contention is concerned, whether the amendment was allowed or not. It is not claimed that the amendment changed the cause of action, nor do we think it did. The cause of action was founded upon the refusal of the defendant company to pay the loss occasioned by the fire. The object of the amendment was not to forsake this but to adhere to it, and to effect a recovery through the promise of the defendant to do what it was bound to do, if the evidence of plaintiff was to be believed, after its liability had been fixed by the fire and the plaintiff had fully complied with her subsequent duty. A proper amendment may be allowed at any stage of the proceeding in the court below and if improperly refused it will be allowed on appeal in the appellate court. When the merits of the case cannot otherwise be reached it is the duty of the court to permit the amendment: Erie City Iron Works v. Barber, 118 Pa. 6. If the amendment had been allowed the defendant could have alleged surprise at the changed issue and have applied for a continuance, but the amendment was refused and the trial proceeded to a verdict in favor of the defendant.

In Clymer v. Thomas, 7 S. & R. 177, the motion to amend the declaration was made after the jury was sworn, but the court refused to permit the amendment and the jury found a verdict for the defendant. The Supreme Court by TILGHMAN, C. J., says: "Where the court has a discretion to permit or refuse an amendment, no exception lies to its opinion. This is the case of all amendments at common law, and some of the amendments by statute . . . . But the case before us is not an amendment at common law, or one in which the court was at liberty to exercise its discretion. It was the right of the plaintiff, under the act of the 21st of March, 1806, sec. 6, by which it is enacted, that where it appears to the court, that there is an informality in the declaration or pleadings, which will affect the merits of the cause, the plaintiff shall be permitted to amend his declaration or statement, and the defendant may alter his plea or defense on or before the trial of the cause; and if, by such alteration and amendment, the adverse party is taken by surprise the trial shall be postponed to the next court. . . . It appears to us, therefore, to fall directly within the provision of the act, and consequently, the amendment was not matter of favor or discretion, but of right," and the judgment was reversed.

Amendments under the act of 1806 being prescribed by law,

are not discretionary but mandatory, and therefore subject to writs of error: Newlin v. Palmer, 11 S. & R. 98; Hopkins v. Mehaffey, 11 S. & R. 126; Sharp v. Sharp, 13 S. & R. 444; Yost v. Eby, 23 Pa. 327.

In Franklin v. Mackey, 16 S. & R. 117, the Supreme Court says: "It appears to be the intent of the act, to allow amendments on the trial without stint as to number. This seems to be conceded by counsel for defendant in error, but they argue that the amendment here proposed was such, in itself, as is not permitted by the act; because it in a matter of substance, contradicts the writ, changes the contract and brings in a new cause of action. They also insist upon the plain words of the act of assembly; and say that the word informality, is the only term used in the law, describing what may be amended on the trial. It is so,—informality, is the word in the law; yet it appears to me, that were we to hold matters of mere form only to be amendable after the jury is sworn, we should go far towards declaring this part of the act useless. Matters of mere forms in the record, are not often inquired into before the jury. Besides, the very next words of the act seem to show the meaning of the legislature; for it must be absolutely impossible for the adverse party to be taken by surprise, by an amendment which does not touch the merits or substance of a cause." In Knapp v. Hartung, 73 Pa. 290, a declaration was permitted to be amended by adding two additional counts which charged a trespass on another close of the plaintiff and for taking additional property, and it was held not to change the cause of action. Amendments should be liberally allowed; and the test of their propriety is whether they introduce a new cause of action. The shape testimony may assume afterwards on the trial is not the test of the propriety of the amendment,—the testimony is ruled by the narr. If that contains a new cause of action, the testimony cannot be allowed to prove any such if objected to: Steffy v. Carpenter, 37 Pa. 41; Trego v. Lewis, 58 Pa. 463. In Erie City Iron Works v. Barber, 118 Pa. 6, an illustration is taken from Rodrigue v. Curcier, 15 S. & R. 81, which is pertinent to the case before us: "So in an action on a policy of insurance, when the plaintiff declared on losses by capture by an enemy and perils of the sea, the court permitted an amendment, by adding a count for loss by barratry. This might be called a new cause of action, but it adhered to the pol-

icy by which the defendants engaged to indemnify the plaintiff from loss by barratry, as well as by capture and by perils of the sea. The object of the action was to recover for a loss covered by the policy, and this amendment, not going out of the policy was admitted."

While the cause of action was not changed, and the amendment was fully justified by the evidence adduced by the plaintiff, the application of the evidence to the disputed facts was materially changed, as it reduced the controversy to the one vital question, whether there had been an adjustment and settlement of the loss by a duly authorized representative of the defendant company, followed by a promise to pay the loss so ascertained; and plaintiff's first and second points should have been affirmed without the qualifications added by the trial judge, and the point submitted by the defendant should have been refused for the reasons given in Todd v. Quaker City Mutual Fire Insurance Company, No. 38, March term, 1898, filed with this case.

Nor do we think that because the amount which the defendant promised to pay was the same as the amount of the policy, is at all material. The compromise of a doubtful or contingent liability is a good consideration for a promise to pay without regard to the sum finally agreed to, as it often happens that the sum in controversy is but a small share of the actual cost of maintaining or defending the claim. Prompt and liberal settlements of honest insurance losses are evidence of fair dealing and provident management, and are of themselves potent arguments in favor of the company pursuing such a course, while unfair litigation and sharp practices are as certain arguments against the honesty and good repute of a company. The costs, expenses, loss of time, and many other elements may make it profitable to pay the whole demand rather than to incur the many risks incident to litigation. This case is a fair illustration, as each of the parties will have reasonably expended over one half of the alleged compromise amount for items which are not taxable as costs, without regard to which one may ultimately succeed.

The first, third, fifth, sixth and seventh assignments of error are sustained. The judgment is reversed, and a venire facias de novo awarded.