# Wildermuth *v.* Long.

| 196     541|
| 220     ¹193|

*Deed—Executor and administrator—Accounting for purchase money.*

Where a father-in-law executes a deed for " all his right, title and interest of and in " certain land which had belonged to his deceased son-in-law, and subsequently takes out letters of administration upon the son-in-law's estate, neither the substituted administrator of the son-in-law nor the heirs of the son-in-law have any standing after the expiration of twenty years from the date of the deed to recover from the father-in-law's estate the amount of the purchase money mentioned in the deed, as it passed only the interest of the father-in-law in the premises and did not affect and could not have affected any interest which the heirs of the son-in-law had in the land.

*Practice, C. P.—Amendment—Parties.*

Where an action has been brought by an administrator to recover money alleged to be due to the decedent's estate, the record cannot be amended by substituting for the administrator the heirs at law of the deceased.

Argued Feb. 16, 1899. Reargued Feb. 12, 1900. Appeal, No. 233, Jan. T., 1898, by plaintiffs, from judgment of C. P. Schuylkill Co., March T., 1896, No. 355, on verdict for defendants in case of William F. Wildermuth, Administrator d. b. n. of Elijah Wildermuth, deceased, v. John W. Long, Jeremiah Long and Solomon Boyer, Executors of Benjamin Boyer, deceased. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit for purchase money of land. Before LYONS, P. J., of the 41st judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were in giving binding instructions for defendant.

*W. F. Shepherd*, with him *S. M. Enterline*, for appellant.— An instrument purporting to convey all the grantor's right, title and interest in certain lands, the description of which is

immediately followed by habendum and general warranty clauses, is not a mere quitclaim deed, but a conveyance of the land itself : Evenson v. Webster, 53 N. W. Repr. 747 ; Laughlin v. Tips, 28 S. W. Repr. 551.

This property was purchased by Genslinger ; he paid the entire consideration, and Boyer was in possession, through his tenant, at the time of the purchase, representing the property to be his.

One of the purchasers from a person in possession is entitled to rely on the fact that such person has an absolute deed in his own right, and he is not bound to make further inquiries : Fargason v. Edrington, 49 Ark. 207 ; Lance v. Gorman, 136 Pa. 200.

*A. W. Schalck* and *John W. Ryon*, for appellees.—It is not the office of a habendum in a deed to enlarge the estate granted by the operative words in the deed.

It is true that lands in Pennsylvania are assets for the payment of debts of the decedent, but an administrator as such, except under the circumstances mentioned, has no control over real estate of the intestate.

The only interest conveyed by the deed in the property was the right, title and interest of Benjamin Boyer therein (whatever that was) and the deed does not purport to sell or to convey anything else.

OPINION BY MR. JUSTICE BROWN, July 11, 1900 :

Elijah Wildermuth died intestate in February, 1875. There was testimony produced in the court below to show that, at the time of his death, he was the owner of five tracts of land in West Brunswick township, Schuylkill county, containing together between nine and ten acres, having purchased the same from Edward C. Moyer. Benjamin Boyer, whose executors are the appellees, was his father-in-law, and was granted letters of administration on his estate on November 5, 1875. On October 9, 1875, nearly a month before letters of administration were granted to him, Boyer conveyed to Stephen Genslinger all his right, title and interest in these five tracts of land, for the consideration of $900. On January 14, 1893, Boyer died. Subsequently letters of administration d. b. n. were granted to

William E. Wildermuth on the estate of Elijah Wildermuth, deceased, and on February 28, 1896, this suit was brought to recover from the estate of Boyer the sum of $900, with interest from October 9, 1875, it being the consideration money named in the deed from Boyer to Genslinger. It will appear from this statement of facts that the appellant, as the personal representative of the estate of Elijah Wildermuth, seeks to recover from the estate of his predecessor in the administration the money referred to. The latter lived nearly eighteen years after his conveyance to Genslinger, without ever being called upon to account, and more than twenty years had elapsed before this suit was brought. Boyer executed and delivered his deed to Genslinger nearly a month before letters of administration were granted to him upon the estate of Wildermuth, and it is, therefore, manifest that, at that time, he could have conveyed nothing except what the deed clearly states he undertook to convey, to wit: " All his rights, title and interest of and in " the real estate described in the conveyance. He could not then have undertaken to act in any capacity as the representative of Wildermuth's estate, because he had not yet become the administrator, and he undertook, according to his deed, to convey simply whatever interest he himself had in the land. That was all he then could have conveyed. If he had no interest, nothing passed to the purchaser, who, and whose grantees, can alone complain of any wrong which may have been done by the conveyance. Even if, at the time it was made, Boyer had been the administrator of Wildermuth's estate, he could have conveyed no interest of the decedent in the land by his deed, because, Wildermuth having died intestate, the same descended to his heirs at law, and his personal representative could have conveyed only under proper proceedings in the orphans' court. As administrator, he could have done nothing with the land, except as ordered and directed by the court. We do not have simply a deed made by an administrator without any order or direction by the court, but made by one who was not the administrator or personal representative of the deceased, and who undertook to convey only whatever interest he, as an individual, had in the land, the legal title to which, at the time, was in the children or heirs at law of Wildermuth. Nothing more need be said to make it clear that Boyer received no money

which his estate ought now to account for to the personal rep•resentative of Wildermuth's estate.

After the learned court below had ruled that no evidence had been produced to show that Benjamin Boyer had sold any property or estate of Elijah Wildermuth, deceased, leave was asked to amend the record and the pleadings by substituting, as plaintiffs, for William E. Wildermuth, administrator d. b. n. of Elijah Wildermuth, deceased, William E. Wildermuth and Emma Shoener, heirs at law of Elijah Wildermuth, deceased. This amendment was refused, on the ground that the cause of action would be changed. This view of the court was correct. The original cause of action was for money alleged to be due to the personal representative of Elijah Wildermuth, who claimed to be entitled to receive the same in his representative capacity, for the purpose of distribution. The proposed amendment would have changed the cause of action to one by the heirs at law of Wildermuth, claiming that their land had been sold away from them and that they sought to recover the proceeds of it from the estate of the man who had sold it. This was clearly a change of the cause of action. The right of amendment may be liberally allowed, but not to such an extent as to substantially change the cause of action: Royse v. May, 93 Pa. 454; Steffy v. Carpenter, 37 Pa. 41. But, if the amendment had been allowed, how could the substituted plaintiffs have recovered? The deed from Boyer to Genslinger, relied upon for recovery, we repeat, passed only his interest in the premises, and did not affect, and could not have affected, any interest that the children of Wildermuth might have had in the land. Finding no error in anything that the court below did, we overrule all the assignments of error and affirm the judgment.