## South Pittsburgh Water Co., Appellant, *v.* Winterberger.

*Appeals—Interlocutory order—Quashing bill.*

An appeal from an interlocutory order, where no final judgment has been entered in the court below, will be quashed.

*Practice, county court—County Court of Allegheny County—Powers—Rule 6—Amended statement of claim—Power to allow.*

Rule 6 of the County Court of Allegheny County, which provides that when a jury trial has been demanded by either party, any party considering himself entitled to judgment on the face of the pleadings may move the court for entry of such judgment, does not deprive the court of authority to permit an amendment of a statement of claim. The County Court of Allegheny County is a court of record with all the common law powers of such a court to allow amendments and it cannot, by the adoption of a general rule, divest itself of the duty to exercise a discretion with which it is by law invested.

Argued April 28, 1920. Appeal, No. 70, April T., 1920, by plaintiff, from judgment of C. P. Allegheny

County, Oct. T., 1919, No. 1630, on certiorari to the County Court of Allegheny County, in the case of South Pittsburgh Water Company v. Christ Winterberger. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Appeal quashed.

Certiorari from judgment of county court. Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the judgment of the county court. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*Charles A. Woods,* for appellant.

*Frank I. Gosser,* for appellee.

OPINION BY PORTER, J., October 11, 1920:

Winterberger, the appellee, brought an action of trespass against the appellant, in the County Court of Allegheny County. The plaintiff in that action filed a statement of his claim and demanded a jury trial. The county court has the following rule, viz: "Rule 6. When a jury trial has been demanded by either party, any party considering himself entitled to judgment on the face of the pleadings may move the court for entry of such judgment, specifying in writing his reasons for such motion, of which two days' notice shall be served on the adverse party. This rule applies to all questions formally raised by demurrers and rules for judgment for insufficient answer." The defendant, relying on the above rule, moved the court for judgment in its favor, specifying as its reason for such motion, that the statement of claim was vague, evasive, indefinite, and insufficient. The court granted a rule on the plaintiff to

show cause, and after argument made the order "Rule absolute unless plaintiff within ten days files an amended statement of claim." The defendant, this appellant, filed exceptions to said order, averring that the court, under its own rule, was without authority to allow the plaintiff ten days within which to file an amended statement. The plaintiff did file an amended statement within ten days. The court subsequently overruled and dismissed the exceptions which the appellant had filed to its order. The appellant then caused a certiorari to be issued from the court of common pleas, which court, after a hearing, affirmed the order of the county court, and the appellant now assigns for error this action of the court of common pleas.

The action of the county court, which is alleged to have been erroneous, was its allowing the plaintiff in an action of trespass to file an amended statement. That is as far as the action proceeded in the county court. No final judgment was entered in either the county court or the court of common pleas. The order was interlocutory and from it no appeal lies to this court. The appeal must, therefore, be quashed. We have, however, examined the question which the appellant seeks to present and are satisfied that there is no merit in the appeal. The County Court of Allegheny County is a court of record, it has all the common law powers of such a court to allow amendments of a statement which are merely formal and do not introduce a new cause of action, and it is within the provisions of the Act of March 21, 1806, section 6; 4 Smith's Laws 329. The duty, as well as the authority, of a court to permit such amendments is too important and well settled to be avoided by any mere implication arising from the language of a rule of court: Clymer v. Thomas, 7 S. & R. 177; Griffith v. Eshelman, 4 Watts 54; Morris v. McNamee, 17 Pa. 173; Waite v. Palmer, 78 Pa. 192; Finch v. White, 190 Pa. 86; Com. v. Yeisley, 6 Pa. Superior Ct. 273; Todd v. Insurance Co., 9 Pa. Superior Ct. 381; Little v. Fair-

child, 10 Pa. Superior Ct. 211. The rule of the county court, above quoted, cannot fairly be so construed as to deprive the court of authority, in a proper case, to permit the amendment of a statement. If it did, then the rule, to that extent, would be invalid. No court can, by the adoption of a general rule, divest itself of the duty to exercise a discretion with which it is by law invested.

The appeal is quashed.