10

## Stansfield v. Vanbelle et al.

*J. B. Colahan*, for plaintiff.
*Raymond A. White, Jr.*, for defendant.
*Frank R. Ambler*, for additional defendant.

SMITH, P. J., December 13, 1940.—Plaintiff instituted suit against the original defendant Vanbelle on June 6, 1940. The statement of claim was served on June 8, 1940, on the said original defendant, who petitioned to have the Warwick Hotel joined as additional defendant, alleging that the additional defendant was alone liable, which petition was granted on June 26, 1940. The additional defendant served the original defendant and plaintiff with a copy of its answer on July 19, 1940, and plaintiff neglected to file a supplementary statement or serve the same on the additional defendant as required under Pa. R. C. P. 2258, which provides:

"(a) A plaintiff desiring to assert a claim against an additional defendant shall file a supplementary statement of his cause of action against such additional defendant

within twenty days after service upon the plaintiff of a copy of the answer of the additional defendant, unless the court shall extend the time for filing such supplementary statement upon cause shown. The allegations of the supplementary statement may be made upon information without prejudice to the right of the plaintiff to maintain the correctness of the allegations in his original pleading."

Plaintiff, by her counsel, has filed a petition for leave to file such supplementary statement of claim nunc pro tunc alleging that the failure to file such supplementary statement as required under Pa. R. C. P. 2258 was through the inadvertence of her counsel. The additional defendant has filed a petition averring that the additional defendant should be dropped from the record because the original defendant's petition to join the additional defendant averred that the additional defendant was alone liable to plaintiff and since no supplementary statement of claim was filed by plaintiff within 20 days after service upon plaintiff of the additional defendant's answer, under Pa. R. C. P. 2258(c) and note, no recovery could be had against the additional defendant by plaintiff. Both rules were argued the same day. Pa. R. C. P. 2258(c) provides:

"(c) The failure of the plaintiff to file a supplementary statement within the period fixed by clause (a) of this rule shall bar him from any recovery against such additional defendant. . . .

"If the defendant joins an additional defendant on the ground that the latter is alone liable to the plaintiff but the plaintiff files no supplementary statement there will be no party in the action asserting any claim against the additional defendant and he should therefore be dropped from the record."

The additional defendant contends that in Pa. R. C. P. 2258(a) it is compulsory upon plaintiff to make application for additional time upon cause shown for the filing of his supplementary statement and that the word "shall"

makes it mandatory upon the court to enforce the time limit, by analogy to Pa. R. C. P. 2253, which makes it mandatory that a petition to join an additional defendant be filed within 60 days.

We are of the opinion that plaintiff's rule should be made absolute. We are also of the opinion that the language of Pa. R. C. P. 2258 is not mandatory as is contended by the additional defendant.

Pa. R. C. P. 2253 provides that "No petition shall be granted if filed by a defendant later than sixty days. . . . unless the court shall upon application made *prior* to the expiration of the sixty days' period extend the time for filing such petition upon cause shown."

Again, in Pa. R. C. P. 2255, having to do with service of process, it is provided: "Any such motion to extend or reinstate *must* be made within the sixty day period prescribed by Rule 2253."

When we examine Rule 2258 we find no time is fixed within which plaintiff must file his petition to have the time for filing his supplementary statement extended, the rule providing:

"(a) A plaintiff desiring to assert a claim against an additional defendant shall file a supplementary statement of his cause of action against such additional defendant within twenty days after service upon the plaintiff of a copy of the answer of the additional defendant, unless the court shall extend the time for filing such supplementary statement upon cause shown."

It is our opinion that the court may use its discretion in the extension of the time or the permission granted to plaintiff to file his petition for such extension. In South Pittsburgh Water Co. v. Winterberger, 75 Pa. Superior Ct. 150, a case involving a rule of the County Court of Allegheny County, it was decided that the County Court of Allegheny County is a court of record with all the common-law powers of such a court to allow amendments and it cannot, by the adoption of a general rule, divest itself of the duty to exercise a discretion with which it is

by law invested. Plaintiff's counsel in this case has admitted that it was through his own inadvertence that the supplementary statement was not filed or served as prescribed by the rules. While Pa. R. C. P. 2258 has been in effect since September 4, 1939, and plaintiff's counsel is chargeable with notice of it, nevertheless, it is a comparatively new rule and counsel has admitted his unfamiliarity with it. If the rule were enforced as counsel for the additional defendant would have us interpret it as mandatory and precluding the discretion of the court, in this case plaintiff might be harmed if the additional defendant were dropped from the record because plaintiff would not only be barred from a recovery against the additional defendant in this action but would also be prevented from bringing an independent action against the additional defendant founded upon a cause of action arising out of the same set of facts giving rise to the cause of action upon which he has declared in the action against the original defendant.

While we use our discretion and in this case will make plaintiff's rule absolute because we believe that this is the first time that the penalty of the rule has been called into being, nevertheless, we believe that the various pleadings should be filed and served within the time limits set by the rules and we therefore call the bar's attention to these rules in order that in the future a like condition may not arise where we will be called upon to grant relief due solely to the inadvertence of counsel or his unfamiliarity with these rules.

### Order

And now, to wit, December 13, 1940, plaintiff's rule for leave to file supplementary statement of claim nunc pro tunc is made absolute; the rule of additional defendant to remove itself from the record is discharged.