## Commonwealth v. Shephard

*Thomas E. Mack,* District Attorney, and *Robert Hourigan,* Assistant District Attorney, for Commonwealth.

*Gifford Cappellini* and *Sol Lubin,* for defendant.

PINOLA, P. J., March 31, 1965.—Defendant stands indicted for the murder of Joseph Wildes on August 2, 1964.

On September 15th, court-appointed counsel filed a petition asking the right to see many exhibits in possession of the Commonwealth, including statements given by three witnesses, Michael Bonk, Ruth Moharter and Jane Dougher.

The district attorney has agreed to comply with the request in all respects, except the inspection of the statements.

Counsel do not, in their petition, give any reason for their request, but at argument they insisted that

inspection was necessary for proper preparation of the defense. We agree that such inspection would be helpful to defendant, but we also agree with Chief Justice Bell who said, in Commonwealth v. Caplan, 411 Pa. 563, 566:

"If we descend from ethereal theorism to the world of reality, we know that if Courts require the Commonwealth to inform each defendant of or permit him to examine its evidence, it will enable a person who commits a murder or a felony to invent, fabricate or manufacture his defense before trial—alibi, 'blackout', insanity, self-defense, coercion, or perpetration of the crime by someone else—and determine whether he should take the witness stand or introduce any evidence, and if so, what kind."

At the outset, we must bear in mind that there is a difference between the handling of statements of witnesses and the handling of statements of defendants. This is evident from their separate treatment in Criminal Law, 23 C. J. S. 806, §955(4), which reads as follows:

"*Statements of prospective witnesses.* Accused in a criminal case is not entitled to pre-trial inspection of transcripts of statements of prospective prosecution witnesses under some state statutes authorizing discovery of specifically enumerated documents and things, or under rules providing for the production of documentary evidence and of objects, or where the rule of procedure expressly bars the relief sought.

"*Statements of defendant or codefendants.* Under some state statutes or rules of practice relating to discovery and inspection, it is held that an accused is not entitled before the trial to inspect *statements, declarations, or confessions* in the possession of the government *made by him* pertaining to the case; and a written confession of accused is not a 'tangible' thing required to be produced under a statute providing for

the production and discovery of such things. Defendant may, however, be permitted to inspect such statements and confessions where the rule of practice gives the court discretionary power to afford that relief, although the rule does not give an unqualified right of inspection." (Italics supplied.)

Defendant's counsel argue that under the decision in DiJoseph Petition, 394 Pa. 19, the right of inspection is a matter for the exercise of the court's discretion and that a defendant has a right to insist upon court action.

In that decision, the lower court had granted all requests with reference to physical objects and the right of defendant to have "photographs of fingerprints, if any", apparently on the revolver. The Supreme Court reversed and denied this right, because defendant knew whether she had handled that revolver or not.

In our case, defendant was accompanied by two men, and he, no doubt, has the benefit of their testimony.

Chief Justice Bell argued strenuously in his dissenting opinion in DiJoseph Petition, supra, against the grant of inspection. Singularly, six years later, in Commonwealth v. Caplan, supra, he wrote the opinion, and there is no dissent whatsoever. He declared, page 567:

"As recently as 1955, this Court in Commonwealth v. Wable, 382 Pa. 80, 86, 114 A. 2d 334, speaking through Chief Justice STERN, said: '*The General rule is that the accused has no right to the inspection or disclosure before trial of evidence in the possession of the prosecution:* 2 Wharton's Criminal Evidence, 1311, 1312, 1354, (citing cases from many jurisdictions).' At the very least, a defendant should be required to present exceptional circumstances and compelling reasons such as were present in DiJoseph's

Petition, 394 Pa. 19, 145 A. 2d 187, to justify an exception to the general rule."

He concluded that the record was barren of exceptional circumstances and compelling reasons to justify the grant of defendant's petition to require the district attorney to set forth facts with more particularity and to furnish him with copies of statements of all witnesses listed upon the bills of indictment. He added:

"The mere allegation that the numerous indictments did not set forth facts with sufficient particularity is not a sound basis on which to grant unlimited discovery. The lower Court before granting any discovery should at the very least have conducted a preliminary hearing in order to determine the *necessity* for discovery *and the extent* of the discovery, if any, which should be granted."

It is to be noted that he made no mention of defendant's request for copies of statements of witnesses.

It was the decision in that case which led to the adoption of Rule 310 of the Rules of Criminal Procedure. It reads as follows:

"All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to *inspect and copy or photograph any written confessions and written statements made by the defendant.* No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons. The order shall specify the time, place and manner of making discovery or inspection and may prescribe such terms and conditions as are necessary and proper. *In no event, however, shall the court order pretrial dis-*

*covery or inspection of written statements of witnesses in the possession of the Commonwealth."* (Italics supplied.)

The comment by the committee which prepared the rules states:

"Pennsylvania has no statutory provisions dealing with pretrial discovery and inspection in criminal cases. The extensive use of pretrial discovery in civil cases could not be extended to criminal cases. *The rule therefore permits* the *discretionary* grant of *discovery* to the defendant *in the narrow area of the defendant's own confession* or written statements." (Italics supplied.)

Defendant's counsel argue that rule 310 does not apply, because the petition was filed before the rule went into effect. In this argument, they lose sight of the fact that the rule simply expresses the law as laid down by the Supreme Court in Commonwealth v. Caplan, supra.

Lower courts had expressed the same views.

In Commonwealth v. Stepper, 54 Lack. Jur. 205, Judge Hoban permitted defendant to examine his own statement.

In Commonwealth v. Sheeran, 48 Luz. 93, our court refused to give copies of the interrogation of defendant. And in Commonwealth v. Kotch, 22 D. & C. 2d 105, it refused to give to defendant copies of the written statements of Commonwealth witnesses. For other courts agreeing with our conclusions, see Commonwealth v. McQuiston, 56 D. & C. 533, and Commonwealth v. Smith, 67 D. & C. 598.

To repeat, rule 310 simply embodies the law as it existed before January 1st and, therefore, there is no basis to the objection that the rule was adopted after the petition was filed.

Bound as we are by the last sentence of rule 310, we enter the following

## ORDER

Now, March 31, 1965, at 11 a.m., the rule to show cause why the district attorney should not permit inspection of the written statements of the three named witnesses of the Commonwealth is discharged.

## DISSENTING OPINION

SCHIFFMAN, J., April 5, 1965. — This matter is before the court upon the petition of defendant, who has been indicted upon counts of murder and manslaughter for having caused the death of Joseph Wildes on August 2, 1964, in the City of Wilkes-Barre.

Defendant seeks to examine and have copied the written statement of alleged witnesses Michael Bonk, Mrs. Ruth Moharter and her minor niece, Jane Dougher. Their statements are purported to be in the custody of the district attorney, who refuses the examination sought. The case against defendant has not yet proceeded to trial.

The majority of this court assign Rule 310 of the Criminal Procedural Rules of the Commonwealth as a reason precluding granting of defendant's petition. That rule, effective January 1, 1965, is entitled Pretrial Discovery and Inspection and states, inter alia, "In no event, however, shall the court order pretrial discovery or inspection of written statements of witnesses in the possession of the Commonwealth".

Prior to the effective date of the aforementioned rule, the court-appointed investigator was, in behalf of defendant, unsuccessful in his endeavor to interview the witnesses whose statements are sought. At no time were either defendant's court-appointed counsel or investigator successful in securing such interviews.

Michael Bonk did testify on behalf of the Commonwealth at a habeas corpus proceeding on the narrow issue of whether the Commonwealth had made out a prima facie case sufficient to hold defendant without

bail, and his testimony therein was strictly limited to that point.

Despite the contention that rule 310 is procedural and controlling, I believe its application herein could be of fundamental prejudice to defendant. The alleged offense, indictment and petition to examine the statements were prior to January 1, 1965, the effective date of the rule. All were at a time when a discretionary right was vested in the court in regard to inspection or disclosure before trial of evidence in the possession of the prosecution.

In reaching this conclusion, I respectfully disagree with the majority opinion that rule 310 embodied the law as it existed prior to January 1, 1965. I believe the expression of the Supreme Court of this Commonwealth is consonant with vesting a discretionary right in the court. Commonwealth v. Caplan, 411 Pa. 563, 567, significantly stated:

*"The general rule* is that the accused has no right to the inspection or disclosure before trial of evidence in the possession of the prosecution . . .

". . . at the very least, a defendant should be required to present exceptional circumstances and compelling reasons such as were present in DiJoseph's Petition, 394 Pa. 19, . . . to justify an exception to the general rule. . . .

". . . the lower Court before granting any discovery should at the very least, have conducted a preliminary hearing in order to determine the *necessity* for discovery *and the extent* of the discovery if any, which should be granted. . . ."

The very reference to a "general" rule does not foreclose an exception. "Exceptional circumstances" and "compelling reasons" are referred to as justification of an exception to the "general" rule.

The court should not, because of the adoption of a general rule, divest itself of the duty to exercise a

discretion with which it is by law invested: South Pittsburgh Water Co. v. Winterberger, 75 Pa. Superior Ct. 150-53.

Defendant was not vested with an absolute right to examine the statements sought before trial. He was vested with the right to a fair and just exercise of the court's discretion as to whether or not his request should be granted. The divesture of this discretionary right by application of the present Criminal Procedural Rules would cause what I believe to be a substantial and unconstitutional deprivation to defendant.

The statements sought are to be included within the perspective of the determination of defendant's right to pretrial inspection. A rule directing production and permitting inspection prior to trial of books, papers, documents or objects has been held to embrace the written statements of witnesses: Fryer v. United States, 207 F. 2d 134, 136.

There is no question of the clarity and lack of ambiguity contained in the pertinent portion of rule 310. However, after respectful consideration, my responsibility impels me to look beyond the rule into matters of constitutional dimension.

The enabling Act of July 11, 1957, P. L. 819, sec. 1, 17 PS §2084, which sets forth the power of the Supreme and Superior Courts to promulgate criminal procedural rules, states, inter alia, that such rules will be consistent with the Constitution of the Commonwealth. It is elementary that they must also be consistent with the Federal Constitution.

The ninth section of the Bill of Rights, the Constitution of this Commonwealth, and the first section of the Fourteenth Amendment to the Constitution of the United States guarantee, in substance, to one accused of a crime not only the forms but also the fundamentals of a fair trial: Commonwealth v. Petrillo, 338 Pa. 65-98.

The Sixth Amendment to the Constitution of the United States grants the accused the right to have compulsory process for obtaining witnesses in his favor.

I am unable to glean from the present state of the record if these constitutional guarantees will be violated if defendant is denied the right to examine the statements sought. I do not believe sufficient circumstances have been ascertained to determine if the interests of justice warrant the granting or the denial of defendant's application.

Defendant's request should be evaluated to determine if it is necessary to the preparation of his case, the proper entry of his plea or any other reason fundamental to a fair trial. Justice means fairness and protection to society and of the basic rights of the accused: Commonwealth v. Caplan, supra.

The sweeping language of rule 310 should not bar a just evaluation. This rule, which without limitation and regardless of circumstances, precludes the discovery sought, must stand careful scrutiny in the light of Federal and State constitutional provisions.

Careful and complete ascertainment of all the essential circumstances are a fundamental condition precedent to a grant or denial of defendant's request in this matter. The absence of such ascertainment impels my dissent.

### ADDENDA

PINOLA, P. J., April 5, 1965.—My decision in the above case for the court en banc was prepared at home. On my return to the office today, I discovered from my notes that on March 31, 1964, the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States submitted a second preliminary draft of proposed amendments to the Federal Rules of Criminal Procedure.

Under proposed rule 16, the district court is empowered to permit inspection of books, papers and documents or tangible objects which are in the possession, custody or control of the government on a showing that the items sought may be material for the preparation of the defense and that the request is reasonable. Defendant will no longer be required to show that the material was obtained from defendant by legal process.

A district judge is given the power to require the prosecution to disclose statements or confessions by defendant. This is another change from the present rule, under which defendant's statements, recorded or written, have been held to be undiscoverable in the majority's views: United States v. Murray, 297 F. 2d 812, cert. den. 369 U. S. 828.

The court also is given the power to require the prosecution to disclose the results or reports of physical or mental examinations and of scientific tests or experiments. Reports made by government agents or *statements made by government witnesses are not subject to pretrial discovery.* Limited discovery at the trial is allowed under the procedure described in the so-called Jencks Statute: 18 U. S. C. A. §3500.

All suggestions with respect to the proposed changes were to be submitted not later than April 1, 1965.

If this rule is adopted, it will agree with our rule.