## Commonwealth *v.* Caplan.

564

Argued June 6, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles Jay Bogdanoff,* Assistant District Attorney, with him *Richard A. Sprague* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, petitioner.

*Donald J. Goldberg,* with him *Garfield W. Levy,* for respondent.

OPINION BY MR. CHIEF JUSTICE BELL, July 15, 1963:

The District Attorney of Philadelphia, James C. Crumlish, Jr., filed a petition for a writ of mandamus in this Court.

The Grand Jury returned sundry indictments against Martin J. Caplan, charging him with conspira-

cy, burglary, larceny, and receiving stolen goods. Defendant's counsel filed a petition, entitled a bill of particulars* on which a rule to show cause was granted. The petition averred that the indictments did not set forth facts with sufficient particularity and it sought the following information:

1. *With respect to the conspiracy charges*—(a) The date, time and place when the alleged conspiracy commenced; (b) the date when the conspiracy terminated; (c) the names of all persons now known to the Commonwealth who ever participated in the conspiracy; and (d) copies of all statements of all witnesses listed upon the bills of indictment.

2. *With respect to bills of indictment charging defendant with receiving stolen goods*: (a) The date, time and place the goods were received; (b) the date, time and place when and where the goods were stolen; (c) all persons now known to the Commonwealth who participated in the theft; and (d) copies of statements of all witnesses listed upon the indictments.

3. *With respect to the bills of indictment charging the defendant with burglary*: (a) The date and time when each alleged burglary took place; (b) all persons who participated in the burglary; (c) a list of the articles taken in the burglary; and (d) a copy of statements of all witnesses listed upon the indictments.

On March 1, 1963, the Court of Quarter Sessions of Philadelphia County granted the petition in its entirety, without hearing any argument, although it was informed that the District Attorney was opposed. On April 15, 1963, the District Attorney did not take an appeal, but filed this petition in this Court for a writ of mandamus. This petition was not served upon the lower Court and hence that Court filed no answer and

---

* This petition was incorrectly named. It is in reality a petition for discovery, although a bill of particulars is a well recognized permissive procedure.

was not represented at the hearing or argument before this Court.

A criminal trial is as different from a civil trial as day is from night. In civil trials there is pre-trial discovery and a *mutual* exchange of evidence. In a criminal trial there is no mutual exchange of evidence. The defendant does not have to inform the Commonwealth before or until the end or near the end of his trial his defense or any of his evidence; he does not have to take the witness stand and no unfavorable inference can be drawn therefrom; he can be convicted only if the Commonwealth proves his guilt beyond a reasonable doubt, which is defined to be a doubt which would restrain a reasonable man from acting in a matter of importance to himself; his confessions are not admissible in evidence unless and until the corpus delicti has been proved; he is presumed to be innocent no matter how many terrible crimes he may have committed; if he has never been convicted of crime he can place in evidence his good reputation and that alone can be sufficient to justify his acquittal; and finally, he cannot be convicted unless all twelve of the jurors unanimously find him guilty beyond a reasonable doubt. Furthermore, after a conviction, a defendant can always appeal (a) for a new trial, alleging errors of law or a violation of his Constitutional rights, or (b) for judgment on the record,* while after a jury's verdict of acquittal, the Commonwealth has no right of appeal for a new trial or for judgment on the record, no matter how many and flagrant were the errors which were committed against it.

If we descend from ethereal theorism to the world of reality, we know that if Courts require the Commonwealth to inform each defendant of or permit him to examine its evidence, it will enable a person who commits a murder or a felony to invent, fabricate or manufacture his defense before trial—alibi, "blackout", in-

---

* Sur a motion in arrest of judgment.

sanity, self-defense, coercion, or perpetration of the crime by someone else—and determine whether he should take the witness stand or introduce any evidence and if so, what kind. As recently as 1955, this Court in *Commonwealth v. Wable,* 382 Pa. 80, 86, 114 A. 2d 334, speaking through Chief Justice Stern, said: " *'The General rule** is that the accused has no right to the inspection or disclosure before trial of evidence in the possession of the prosecution'*: 2 Wharton's Criminal Evidence, 1311, 1312, 1354, (citing cases from many jurisdictions)." At the very least, a defendant should be required to present exceptional circumstances and compelling reasons such as were present in *DiJoseph's Petition,* 394 Pa. 19, 145 A. 2d 187, to justify an exception to the general rule. How otherwise can law abiding communities be adequately and justly protected against the appalling crime wave which is sweeping and alarming our Country. Defendants, District Attorneys and Courts should remember that Justice is not a one way street—Justice means fairness and protection for, and Justice to Society, as well as Justice for and the protection of the basic rights of an accused.

The record in the instant case is barren of exceptional circumstances and compelling reasons to justify the grant of defendant's petition. The mere allegation that the numerous indictments did not set forth facts with sufficient particularity is not a sound basis on which to grant unlimited discovery. The lower Court before granting any discovery should at the very least have conducted a preliminary hearing in order to determine the *necessity* for discovery *and the extent* of the discovery, if any, which should be granted. This the Court completely failed to do, even though Caplan's petition was opposed by the District Attorney.

Mandamus lies to compel a ministerial act but not to review discretion, except where it is arbitrarily or

---

* Italics throughout, ours.

fraudulently exercised or where it is based upon a mistaken view of the law: *Garratt v. Philadelphia,* 387 Pa. 442, 448, 127 A. 2d 738; *Travis v. Teter,* 370 Pa. 326, 330, 87 A. 2d 177; *Maxwell v. Farrell School District Board of Directors,* 381 Pa. 561, 566, 112 A. 2d 192.

The procedure utilized to bring this case before our Court was inappropriate and therefore the writ of mandamus must be denied. Nevertheless, the questions herein raised are so very important, and because of recent decisions of the Supreme Court of the United States are so frequently presented in criminal cases, and yet the law in this field is so uncertain, that they should be speedily raised and speedily decided by an appellate Court. The Commonwealth should have petitioned this Court for a writ of prohibition.

The law is now well settled that the Commonwealth may petition this Court to restrain a lower Court from granting discovery in a criminal case. While the cases are not in accord as to the extent or limitations of a writ of prohibition,* this Court under our King's Bench power has general supervisory and plenary power over all inferior tribunals: *DiJoseph Petition,* 394 Pa., supra; *Bell Appeal,* 396 Pa. 592, 598, 152 A. 2d 731; *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 99, 100-101, 61 A. 2d 426; Bk. Comm. Vol. 3, *42. Cf. also *Smith v. Gallagher,* 408 Pa. 551, 185 A. 2d 135.

In *DiJoseph Petition,* 394 Pa., supra, the District Attorney of Montgomery County filed a petition for a *writ of prohibition* asking us to issue an order prohibiting the enforcement of the lower Court's Order directing the District Attorney to turn over certain information to the defendant. Because of the peculiar factual situation involved in that case, this Court re-

---

* To avoid further confusion we expressly overrule *Commonwealth v. Mellon National Bank & Trust Co.,* 360 Pa. 103, 61 A. 2d 430.

fused to grant the writ. However, we amended the lower Court's Order and affirmed the Order as amended. Implicit in our action was a recognition of the propriety and right of bringing prohibition under these circumstances.

For reasons above stated, the petition for a writ of mandamus is denied. However, because of the important issues presented in this case, we are staying all proceedings for 60 days in order to permit the District Attorney to petition this Court for a writ of prohibition.

The petition for writ of mandamus is dismissed; all proceedings to stay for 60 days; costs to be paid by the Commonwealth.

Mr. Justice BENJAMIN R. JONES concurs in the result.