## Philadelphia v. Hemphill, Appellant.

Argued April 19, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alexander Hemphill,* appellant, in propria persona, with him *Gilbert Stein.*

*Edward G. Bauer, Jr.,* City Solicitor, with him *Levy Anderson,* First Deputy City Solicitor, and *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, for appellees.

*William T. Coleman, Jr.,* with him *Robert W. Maris,* and *Dilworth, Paxson, Kalish, Kohn & Dilks,* for amicus curiae.

ORDER PER CURIAM, April 20, 1966:
Judgment affirmed.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

It is unfortunate that this question and issue were not amicably resolved by the parties and the doubts and fears of the Controller, as to whether the proposed loan was for "capital" expenditures, removed. With a little give and take, this could easily have been done.

The Act of June 25, 1919, P. L. 581, as amended, July 11, 1923, 53 P.S. 12558, pertinently provides: "It shall be lawful for such city *to borrow money* or incur debt, in accordance with the terms of existing law, for the purpose of acquiring property, erecting buildings, . . . . or for any other improvements of a permanent or a temporary kind, or for capital outlay of any kind: . . . *Provided, That all of the such proposed expenditures . . . are certified to the Council by the city controller to be capital expenditures* as distinguished from current expenses, prior to the authorization of such debt . . . *The certificate of the city controller shall be final and conclusive as to the character of the proposed expenditures. . . ."*

It is crystal clear that *the statute gives the Controller discretion* to determine whether proposed expenditures are "capital" expenditures as distinguished from current expenditures, and further provides that the Controller's certificate shall be final and conclusive as to the character of the proposed expenditures. This is not merely a ministerial duty, this is a duty coupled with a discretion.

"Mandamus lies to compel a ministerial act but not to review discretion, except where it is arbitrarily or fraudulently exercised or where it is based upon a mistaken view of the law: Garratt v. Philadelphia, 387 Pa. 442, 448, 127 A. 2d 738; Travis v. Teter, 370 Pa. 326, 330, 87 A. 2d 177; Maxwell v. Farrell School District Board of Directors, 381 Pa. 561, 566, 112 A. 2d 192." *Commonwealth v. Caplan,* 411 Pa. 563, 567-568, 192 A. 2d 894. Accord: *Commercial Properties, Inc. v. Peternel,* 418 Pa. 304, 309, 211 A. 2d 514.

On the present state of the record I find no arbitrary or fraudulent exercise of the Controller's discretion on the issue of "capital" expenditures, nor was it based upon a mistaken view of the law.

For these reasons I dissent to the present Order of this Court which affirmed the Order of the Court below which required the City Controller to certify that certain proposed expenditures were "capital" expenditures.

Mr. Justice ROBERTS joins in this Dissenting Opinion.