## Commonwealth v. Hendrick

*B. L. Segal* and *J. H. Lewis, Jr.*, for petitioner.
*J. D. Crawford*, for Commonwealth.

SMITH, J., March 13, 1970.—Relator at a preliminary hearing before a judge of the Municipal Court of Philadelphia on a criminal complaint charging him with murder was held for the action of the grand jury. His counsel at the preliminary hearing by cross-examination of the Commonwealth's only witness elicited the admission that the witness had given the Commonwealth several written statements covering his knowledge of the facts he had testified to. Defense counsel demanded that the Commonwealth produce these statements for his use in crossexamination, the request was refused, the hearing judge on application by defense counsel ordered the district attorney to produce them, and the district attorney refused to comply with that order. The hearing judge then went on to order relator to stand committed, and now by this petition for habeas corpus ad subjiciendum, relator seeks to compel this production of documents by the Commonwealth.

It is to be noted that relator is not here seeking to determine whether, in fact, a prima facie case was established at preliminary hearing to justify his being held, for no testimony was presented to this court toward that end. The purpose of this petition is only to compel the production of the written statements of the witness as a fulfillment of relator's right to cross-examine, to the extent he believes he is entitled to do.

Unquestionably, since enactment of Pa. R. Crim. P. 119(b), the credibility of witnesses for the Commonwealth at preliminary hearing is at issue, contrary to preexisting law, since defendant is specifically accorded the right to crossexamine them, and the historic purpose of crossexamination is to test credibility. Pa. R. Crim. P. 119(b) reads:

"The defendant shall be present at a preliminary hearing, except as provided in these rules, and may, if he desires: . . .

(2) Cross-examine witnesses and inspect physical evidence offered against him;"

But the right is not unqualified, since Pa. R. Crim. P. 310, governing pretrial discovery and inspection, closes with this sentence:

"In no event, however, shall the court order pretrial discovery or inspection of written statements of witnesses in the possession of the Commonwealth."

So far as these two provisions seem to be in conflict, we have the duty to reconcile them, and the reasonable construction of them to us is that the categoric prohibition of the last sentence of rule 310 must stand unviolated, and rule 119(b) interpreted as not according such a wide resort to crossexamination as to include inspection of such statements by defense counsel. Further, on the principle that the mention of one excludes all others, rule 119(b) in its specific allowance of inspection of physical evidence expresses the intent that this be the only right accorded defend-

ant for testing credibility of Commonwealth witnesses in addition to simple crossquestioning of them. Inspection of physical evidence afforded by rule 119 is understood by this court to mean clothing, weapons or other articles, and not statements of witnesses. It is further an express tenet of statutory construction that the particular controls the general: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 63, 46 PS §563. Rule 310 is particular; rule 119(b)(2) is only general. The observation is also compelling that under rule 310 itself, relator would not be entitled to have the desired statements for examination even *before trial,* but only *at trial.* A fortiori, it follows that he is not entitled to have them far before trial at the preliminary hearing stage.

The court believes its determination of this matter is controlled and supported by Commonwealth v. Caplan, 411 Pa. 563, as well as Commonwealth v. Shephard, 36 D. & C. 2d 653.

For all these reasons, the petition was dismissed, and the great writ denied this relator.