Commonwealth ex rel. Specter, Petitioner, *v.* Shiomos.

Argued January 16, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Martin H. Belsky,* Assistant District Attorney, with him *Robert B. Lawler* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for petitioner.

*John W. Packel,* Assistant Defender, with him *Robert A. Stein, Drew Salaman* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for amici curiae.

*Herbert L. Ocks,* for Judge Thomas N. Shiomos, respondent.

*Robert A. Newman,* for Judge Merna B. Marshall, respondent.

OPINION BY MR. JUSTICE EAGEN, May 23, 1974:

The District Attorney of Philadelphia filed a petition in this Court seeking a Writ of Prohibition, pursuant to this Court's power under the Appellate Court

Jurisdiction Act, Act of July 31, 1970, P. L. 673, No. 223, Art. II, §201, 17 P.S. §211.201(2),[1] requesting this Court to prohibit the respondents, Judge Thomas N. Shiomos and Judge Merna B. Marshall, from ordering the pre-trial discovery of certain medical records in criminal cases presently before them. The respondents filed an answer to the petition, and the Defender Association of Philadelphia was permitted to file a brief and present oral argument in opposition to the Writ as amicus curiae. We have reviewed the matter and herein grant the Writ.

The salient facts are:

The Defender Association of Philadelphia represents four criminal defendants charged with rape in four unrelated cases. Prior to trial, defense counsel petitioned the court below under Rule 310 of the Pennsylvania Rules of Criminal Procedure to allow discovery of the hospital records of each rape victim in the respective cases. The pertinent records were in the possession of the district attorney's office. Each of the respondents handled two of the petitions, and on October 31, 1972, Judge Marshall ordered discovery of the records in the cases before her, and on November 13 and 14, 1972, Judge Shiomos ordered the district attorney to turn the hospital records over to the defense for inspection. The pertinent orders stated: "All medical reports prepared on the prosecutrix in the above captioned cases which are in the Commonwealth's possession or which come to the Commonwealth's possession and which will be offered into evidence at trial shall be given to the above-captioned

---

[1] The Act provides: "The Supreme Court shall have original but not exclusive jurisdiction of * * * (2) All cases of mandamus or prohibition to courts of inferior jurisdiction." Moreover, the power of this Court to issue writs of prohibition is of long standing origin, see *Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 61 A.2d 426 (1948), and cases cited therein.

defendants' counsel for pre-trial inspection." On the basis of the record we have before us, we grant the requested Writ.

Initially, we turn our attention to the propriety of entertaining a Writ of Prohibition in cases such as we have before us.

In *Carpentertown Coal and Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948), this Court stated the following with respect to a Writ of Prohibition: "The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity, to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief. It is a writ which is not of absolute right but rests largely in the sound discretion of the court. It will never be granted where there is a complete and effective remedy by appeal, certiorari, writ of error, injunction, or otherwise: see First Congressional District Election, 295 Pa. 1, 13, 144 A. 735, 739, 740, and cases referred to in the dissenting opinion in Philadelphia County Grand Jury Investigation Case, 347 Pa. 316, 330-334, 32 A.2d 199, 206-208; also Roche, U. S. District Judge v. Evaporated Milk Association, 319 U. S. 21, 26; United States Alkali Export Association, Inc. v. United States, 325 U.S. 196. As pointed out in the last cited authority (p. 203), 'appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. . . . The [extraordinary] writs may not be used as a substitute for an authorized appeal.' " *Id.* at 102, 61 A.2d at 430. Thus, under *Carpentertown,* a two-pronged test was set forth for this Court to follow when considering the granting of a Writ. The first aspect of the test is whether adequate remedies

are provided at law to afford relief. Instantly, it is clear the Commonwealth has no adequate remedy at law. The issue cannot be properly preserved for appeal, because if the merits of this issue are not determined at this time and the result below is a not guilty verdict, the Commonwealth would never have an opportunity for appellate review.

The second prong of the test is whether there is extreme necessity for the relief requested to secure order and regularity in judicial proceedings. This very question was answered in *Commonwealth v. Caplan*, 411 Pa. 563, 192 A.2d 894 (1963), a case involving pre-trial discovery. The Court stated:

"[T]he questions herein raised are so very important, and because of recent decisions of the Supreme Court of the United States are so frequently presented in criminal cases, and yet the law in this field is so uncertain, that they should be speedily raised and speedily decided by an appellate Court. The Commonwealth should have petitioned this Court for a writ of prohibition.

"The law is now well settled that the Commonwealth may petition this Court to restrain a lower Court from granting discovery in a criminal case. While the cases are not in accord as to the extent or limitations of a writ of prohibition, this Court under our King's Bench power has general supervisory and plenary power over all inferior tribunals: DiJoseph Petition, 394 Pa., supra; Bell Appeal, 396 Pa. 592, 598, 152 A.2d 731; Carpentertown Coal & Coke Co. v. Laird, 360 Pa. 94, 99, 100-101, 61 A.2d 426; Bk. Comm. Vol. 3, 42. Cf. also Smith v. Gallagher, 408 Pa. 551, 185 A.2d 135.

"In DiJoseph Petition, 394 Pa., supra, the District Attorney of Montgomery County filed a petition for a *writ of prohibition* asking us to issue an order prohibiting the enforcement of the lower Court's Order di-

recting the District Attorney to turn over certain information to the defendant. Because of the peculiar factual situation involved in that case, this Court refused to grant the writ. However, we amended the lower Court's Order and affirmed the Order as amended. Implicit in our action was a recognition of the propriety and right of bringing prohibition under these circumstances." (footnote omitted) *Id.* at 568-69, 192 A.2d at 896-97. Hence, it is clear this Court has the power to entertain a Writ of Prohibition under the present facts.

Turning to the merits of the question, we must decide if the lower court properly ordered discovery of the medical records under Rule 310. The Rule provides: "All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph any written confessions and written statements made by the defendant. *No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons.* The order shall specify the time, place and manner of making discovery or inspection and may prescribe such terms and conditions as are necessary and proper. In no event, however, shall the court order pretrial discovery or inspection of written statements of witnesses in the possession of the Commonwealth. Adopted June 30, 1964. Eff. January 1, 1965." [Emphasis supplied.] The operative question therefore is: Did the defendants give proof of "exceptional circumstances and compelling reasons" for the pre-trial discovery. On the record before us we do not find the requisite proof the Rule requires. The defendants did not assert any

exceptional circumstances or compelling reasons in their petition to the court below. Moreover, the orders granted by the respondents contain no recital of facts indicating the reasons for granting the petition beyond the fact the medical records are of a technical nature and expert advice "might be needed." Furthermore, the orders failed to contain the necessary specificity Rule 310 requires, i.e., "the time, place and manner of making discovery or inspection and may prescribe such terms and conditions as are necessary and proper." There is absolutely nothing on the record before us which sets this case apart from any other rape case, or for that matter any case involving technical data or information.

There is no question good arguments can be made for the proposition that the pre-trial discovery rules should be liberalized. The fact is, however, Rule 310 is the rule of criminal procedure in.this Commonwealth and it must be followed by the trial courts as long as it is the rule in force. If the criminal procedure rules are to be liberalized, this should be done in the proper manner, namely, by amendment. If the rules are liberalized on a case by case basis by this Court, or by individual interpretation by lower court judges, the inevitable result would be judicial inconsistency and confusion. The undesirability and unfairness of this result is self evident.

The Writ of Prohibition is granted.

---

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I join in the opinion of the Court, since I am satisfied that in the four cases here under review, Pa. R. Crim. Proc. 310 was disregarded.[1] I add this

---

[1] As a matter of first impression, I would have difficulty agreeing that the deviation from our rule presented a case of "extreme necessity", as that phrase is used in *Carpentertown Coal*

brief supplement merely to emphasize Mr. Justice EAGEN'S statement in his opinion for the Court, that "[t]here is no question good arguments can be made for the proposition that the pre-trial discovery rules should be liberalized." Indeed, the respondents' brief advances such arguments. While the trend of recent writing[2] appears to have been in favor of increasing the range of permissible discovery, it must be acknowledged that "the extent to which pre-trial discovery should be permitted in criminal cases is a complex and controversial issue." Note of Advisory Committee on 1966 Amendments to Rule 16 of the Federal Rules of Criminal Procedure, 39 F.R.D. 175 (1966). Without here engaging in extended discussion of the subject, I, for one, see merit in a rule which would permit inspection by a defendant of records or reports of physical or mental examinations in the possession of the government made in connection with a particular case, and which are relevant. This is in line with the amended Federal Rule 16(a), which indeed would bear study in its entirety in connection with any revision of our own rule.

---

*and Coke Co. v. Laird*, 360 Pa. 94, 61 A.2d 426 (1948). We should, moreover, be zealous not to permit the remedy of prohibition to be utilized to review what may be, in essence, an exercise of discretion by the trial court. The propriety of our entertainment of a petition for a writ of prohibition in connection with a pre-trial discovery order in a criminal case has, however, been expressly decided in the affirmative. *Commonwealth v. Caplan*, 411 Pa. 563, 192 A.2d 894 (1963). Without foreclosing possible later re-examination of that holding, I accept it for the present.

[2] See, *inter alia*, bibliographical material listed in Note of Advisory Committee on 1966 Amendments to Rule 16 of the Federal Rules of Criminal Procedure, 39 F.R.D. 175 (1966); *see also* the selected bibliography on criminal discovery in 2 A. Amsterdam, Trial Manual for the Defense of Criminal Cases, 3-56; L. Hall, et al. Modern Criminal Procedure, 1022 et seq.

CONCURRING OPINION BY MR. JUSTICE NIX:

I agree with the majority's holding that, on the record in these cases, no showing of exceptional circumstances has been made so as to justify discovery under Rule 310. I would, however, emphasize the need to liberalize our rules of pre-trial discovery in criminal cases. The trial courts' action highlighting that need in this case must be commended.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I dissent. The majority states that the record before us does not contain the requisite proof that Rule 310 requires. I must disagree. The record contains all the proof necessary to establish the "exceptional circumstances and compelling reasons" required by rule 310. The undisputed facts speak for themselves. The defendants are charged with rape. The medical records of the victims will be highly probative evidence concerning material issues in the rape trials. The respondent judges concluded that expert advice might be needed to assist the defendants in the interpretation of the findings in the medical records. The respondent judges further concluded that the denial of the defendants' request would require the defendants to choose one of two unfair and unsatisfactory alternatives during the trial. The defendants could either make an "on the spot" interpretation of the records or request a continuance. "On the spot" interpretation would involve apparent difficulties and would be unreasonable. A continuance would interrupt the orderly business of the court and any such delay in a trial could be prejudicial to the defendant. The respondent judges properly concluded that exceptional circumstances and compelling reasons were present in these cases.

The majority opinion states that there is nothing in the record which sets these rape cases apart from

any other rape case or any other case involving technical data or information. That argument begs the question. It may very well be that these cases are no different than any other rape case or any other case in which the prosecution has in its possession evidence of a technical nature. The question is whether these circumstances require that the defendant be given an opportunity to examine the requested evidence before the trial. The majority has not disputed the respondent judges' conclusions that it would be unfair to the defendants to require them to choose between two unreasonable alternatives during the course of the trials.

The majority opinion also states that the orders granted by the respondent judges contain no recital of facts indicating the reasons for granting the petitions beyond the fact that the medical records are of a technical nature and expert advice might be needed. Again the majority opinion begs the question. If the respondent judges are correct that the medical reports are of a technical nature and expert advice might be needed, the requirements of rule 310 have been met. We do not require trial judges to write opinions when an order is issued until such an opinion is needed for appellate review. Pa. Supreme Court Rule 56. In this case, the respondent judges in answering the petition for a writ of prohibition clearly outlined their reasons for ordering the pre-trial discovery.

The majority opinion also states that the orders in these cases failed to contain the necessary specificity required by rule 310 concerning the time, place and manner of making discovery or inspection and any necessary and proper terms and conditions. Any objection to the orders by the petitioners on such grounds should have properly been addressed to the respondent judges. No such objections were raised before the respondent judges and they, thus, had no opportunity to provide more specificity if specificity is the com-

plaint of the petitioner. In any event, the lack of such specificity would not justify the grant of this writ of prohibition. As the majority points out, a writ of prohibition should issue only when there is "extreme necessity for the relief requested to secure order and regularity in judicial proceedings."

The petitioner has not established that the merits of the controversy indicate the extreme necessity required for the issuance of a writ of prohibition. The petition for a writ of prohibition should be denied.

Mr. Justice ROBERTS joins in this dissenting opinion.