344 A.2d 821
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael BARNES.**

Supreme Court of Pennsylvania.

Argued June 24, 1975.

Decided Oct. 3, 1975.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. For Law, for appellant.

Lawrence J. Roberts, Gilbert B. Abramson, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

This appeal comes before us after a grant of the Commonwealth's Petition for Interlocutory Appeal.* On consideration of the order of the Court below and its effect on the Commonwealth's case, the appeal is dismissed as improvidently granted. *Commonwealth v. Gullett*, 459 Pa. 431, 434–435, 329 A.2d 513, 515 (1974) and cases cited therein.

EAGEN, J., would affirm the order of the trial court as to the tape recordings and reverse the order of the trial court as to the notes taken by the police during the defendant's interview.

POMEROY, J., filed a dissenting opinion.

POMEROY, Judge (dissenting).

This case presents the question of the appealability by the Commonwealth of an order by the lower court permitting the defendant-appellee, pursuant to Rule 310 of our Rules of Criminal Procedure,[1] to inspect and copy a tape recorded confession made by the defendant, together with police notes of any oral statements made by appellee during interrogation. After specially allowing the Commonwealth to appeal and hearing oral argument, the Court today dismisses the appeal as improvidently grant-

* Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970 P. L. 673, No. 223, Art. V, § 501 and Article II, § 202, 17 P.S. § 211.-501 and § 211.202.

1.   19 P.S. (1975 Pamphlet).

ed. For the reasons stated hereinafter, I would permit the appeal to stand and reverse the order of discovery in part.

In my view, the Court's reliance upon *Commonwealth v. Gullett*, 459 Pa. 431, 329 A.2d 513 (1974) and the cases cited therein as authority for dismissing the appeal is misplaced. *Gullett* was a case in which the Commonwealth sought to appeal an order *suppressing* certain evidence which the Commonwealth proposed to use at the trial of the defendant Gullett. We there stated the rule that "the Commonwealth may appeal from an adverse ruling below where it appears either that the *order of suppression* will necessitate the termination and conclusion of the prosecution or that the adverse order will substantially impair the prosecution in the presentation of its case. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304, *cert. denied*, 375 U.S. 910, 84 S.Ct. 204, 11 L. Ed.2d 149 (1963)." *Id.* at 435, 329 A.2d at 515 (emphasis added). It is clear that the Court in *Gullett* was referring solely to the appealability by the Commonwealth of orders of suppression. In the case of orders granting discovery we have never, to my knowledge, established similar requirements.

As to discovery orders, we have in the past permitted the Commonwealth to seek a writ of prohibition against their enforcement by the lower court. *Commonwealth ex rel. Specter v. Shiomos*, 457 Pa. 104, 320 A.2d 134 (1974); *Commonwealth v. Caplan*, 411 Pa. 563, 192 A.2d 894 (1963). In *Shiomos*, I expressed reservations as to whether that extraordinary remedy should be available for the purpose of challenging an order of discovery. See the concurring opinion of this writer, 457 Pa. at 110–111 n. 1, 320 A.2d at 137 n. 1. I believe that an appeal is the preferable route for the Commonwealth to follow in circumstances such as these, where there has been an adverse ruling on a point of law in the trial court which raises serious question as to the scope of one of

our rules of criminal procedure. The basis for permitting an appeal (or for entertaining a petition for a writ of prohibition) is the simple fact that if we were not to do so the Commonwealth would forever be precluded from litigating the issue of the validity of the order of discovery. Win or lose at trial, the Commonwealth obviously has no opportunity to appeal at that state. Failure of the Court to consider the issue now forecloses *any* opportunity for appellate review. Because the issue raised by the appeal is important, see *Shiomos, supra* at 108, 320 A.2d at 136, we should not hesitate to consider its merits.

Rule 310 provides in its entirety:

"All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph any written confessions and written statements made by the defendant. No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons. The order shall specify the time, place and manner of making discovery or inspection and may prescribe such terms and conditions as are necessary and proper. In no event, however, shall the court order pretrial discovery or inspection of written statements of witnesses in the possession of the Commonwealth. Adopted June 30, 1964. Eff. Jan. 1, 1965."

As can be plainly seen, the rule limits discovery, absent "exceptional circumstances and compelling reasons", to a defendant's *"written* confessions and *written* statements." While the term "written" literally refers only to something expressed in writing, for the purposes of the rule I would interpret the rule to permit discovery of

sound recordings of a defendant's confession or statements.[2] Like a writing, recordings are in permanent form and indubitably pertain to the defendant. Such a view is in accord with the preferable interpretation given to the applicability of the "best evidence" or "original writing" rule. McCormick, Evidence, § 232 at 562 (2d ed. 1972).[3] Therefore I would permit the lower court's order to stand insofar as it permitted discovery of the defendant's tape recorded statement.

On the other hand, I do not believe that by any reasonable interpretation of our current rule the defendant is entitled to discovery of the notes made by interrogating police officers of oral statements made by the defendant. Such notes are not the defendant's statements but the police officer's recollection of what the defendant said.[4] Furthermore, such notes may well contain the observations and reflect the impressions and opinions of the questioning officer. A defendant is not entitled to this information and I am of the opinion that the lower court erred in permitting the defendant to copy and inspect any such notes.

One further point deserves mention. While I continue of the belief that our rule relating to discovery should be liberalized, see my concurring opinion in *Shiomos*, 457 Pa. at 110–111, 320 A.2d at 137–38, I believe that revision of that sort must occur through the orderly process of amendment rather than haphazardly, on a piecemeal basis. As Mr. Justice Eagen so aptly put it in *Shiomos*:

2.  Rule 16(a) of the Federal Rules of Criminal Procedure specifically permits discovery of any relevant "written or recorded statements" by a defendant.

3.  *See also* Rule 1001 *et seq.* of the Federal Rules of Evidence.

4.  Not even the liberal federal rules would permit discovery of the actual notes made by an interrogating officer; they would constitute work product, which is specifically nondiscoverable. Rule 16(a)(2). A defendant, however, is entitled under the rule to the "*substance* of any oral statement which the government intends to offer in evidence at the trial made by the defendant." Rule 16(a)(1)(A) (emphasis added).

"If the rules are liberalized on a case by case basis by this Court, or by individual interpretation by lower court judges, the inevitable result would be judicial inconsistency and confusion. The undesirability and unfairness of this result is self-evident." 457 Pa. at 110, 320 A.2d at 137.