424 A.2d 1271

Wayne GEFTMAN, Barry Geftman and Walter Jeffries, As Administrator C.T.A. of the Estate of Norman Geftman

v.

The Honorable Joseph H. STANZIANI, Judge of the Court of Common Pleas of Montgomery County, Pennsylvania.

PETITION OF Wayne GEFTMAN, Barry Geftman and Walter Jeffries.

AMERICAN SANITARY SALES CO., INC.

v.

Wayne GEFTMAN

and

Walter Jeffries, as Executor Under the Will of Norman Geftman, Deceased.

PETITION OF Wayne GEFTMAN and Walter Jeffries.

Supreme Court of Pennsylvania.

Argued Oct. 23, 1980.

Decided Feb. 4, 1981.

Theodore W. Flowers, Richard M. Jordan, Lawrence T. Bowman, Philadelphia, for petitioner.

Alan C. Kauffman, Edward Mannino, Howland W. Abramson, Philadelphia, for Stanziani.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

440

## ORDER

PER CURIAM:

Further argument in the above matter is fixed for the Pittsburgh Session, Tuesday, March 3, 1981, at 10:00 a. m. The parties are requested to brief and argue whether principles of comity and equity require the courts of Pennsylvania to refrain from exercising jurisdiction.

KAUFFMAN, J., did not participate in the consideration of this matter.

NIX, J., files a dissenting opinion, in which FLAHERTY, J., joins.

NIX, Justice, dissenting.

I dissent from the Order entered in this case today. The issue presented in this case is whether the Court of Common Pleas of Montgomery County, Pennsylvania, abused its jurisdiction in an equity action for specific performance of an agreement of sale of stock in a Pennsylvania corporation, brought in the name of the corporation, when it does not afford legal status to a foreign custodial receiver, *pendente lite*, for the corporation appointed by the Superior Court of Atlantic County, New Jersey, while the validity of the appointment and the scope of the power of the receiver is being determined in the New Jersey appellate courts.

On October 7, 1980 a petition for writ of prohibition was filed in this Court and presented to the writer by Wayne Geftman, Barry Geftman and Walter Jeffries, as Administrator C.T.A. of the Estate of Norman Geftman, deceased against the Honorable Joseph H. Stanziani, Judge of the Court of Common Pleas of Montgomery County, Pennsylvania. Simultaneously, a petition for writ of supersedeas also was filed and presented by Wayne Geftman and Walter Jeffries, as "Executor under the will of Norman Geftman,

deceased;" respondents to that petition are American Sanitary Sales Co., Inc. and Raymond Geftman.[1] The petition for writ of prohibition sought issuance of a writ prohibiting Judge Stanziani from entering any further orders, in the matters captioned *American Sanitary Sales Co., Inc. v. Wayne Geftman, Robert Bellwoar, Esquire, Barry Geftman and Wayne Geftman, individually*, Court of Common Pleas of Montgomery County, No. 78–7443, in equity; and *Wayne Geftman, Walter Jeffries, Executor of the Estate of Norman Geftman, deceased and Barry Geftman v. American Sanitary Sales Co., Inc. and Raymond Geftman*, Court of Common Pleas of Montgomery County, No. 79–11455, in equity. The petition for writ of supersedeas requested a stay of all proceedings before Judge Stanziani and an order upon the parties to take no further action before Judge Stanziani pending the termination of proceedings in the courts of New Jersey. A supplemental petition for writ of supersedeas requested a stay of proceedings before Judge Stanziani and an order on the parties to take no further action in *American Sanitary Sales Co., Inc. v. Wayne Geftman, et al.*, Court of Common Pleas of Montgomery County, No. 78–7443, pending appeal of an order of Judge Stanziani striking off a discontinuance filed by the New Jersey custodial receiver and ordering case No. 78–7443 to trial before him on October 20, 1980.

A rule to show cause, with proceedings to meanwhile stay, was issued to Judge Stanziani on October 20, 1980. Oral argument was had before this Court on October 23, 1980.

Jurisdiction for the petition for writ of prohibition vests in this Court under § 721 of the Judicial Code, 42 Pa. C.S.A. § 721. The petition for writ of supersedeas is brought under § 726 of the Judicial Code, 42 Pa. C.S.A. § 726; Pa. R.A.P. §§ 1701, *et seq.* and 3309.

1. Raymond, Wayne and Barry Geftman are brothers and the sons of Norman Geftman who died a resident of New Jersey on April 5, 1978; the last will and testament of Norman Geftman was admitted to probate by the Surrogate of Atlantic County on April 26, 1978.

*Procedural History*

On May 8, 1978 an action was brought in the name of American Sanitary Sales Co., Inc. (a misnomer for American Sanitary Sales and Service Co., Inc., a Pennsylvania corporation hereafter called "American") by Raymond Geftman against Wayne Geftman, Robert Bellwoar, Esquire, Barry Geftman and Wayne Geftman, individually, in the Court of Common Pleas of Montgomery County, Pennsylvania as of No. 78–7443, in equity (first Pennsylvania action). The action sought specific performance to compel sale of stock in American under purported buy-sell agreements. On June 19, 1979, Wayne Geftman, Walter Jeffries, Administrator of the Estate of Norman Geftman, deceased and Barry Geftman brought a stockholders' derivative action in the Common Pleas Court of Montgomery County, No. 79–11455 (second Pennsylvania action) requesting, *inter alia*, that an injunction issue restraining American, its officers and ten (10) corporations [2] and their officers from disposing of the assets of said corporations; an accounting from Raymond Geftman, American and the ten (10) other corporations; and that a receiver be appointed to take charge of the assets and property of all of the corporations.

On August 6, 1979 suit was brought in the name of American by Raymond Geftman in the Superior Court, Chancery Division, Atlantic County, New Jersey, Docket No. C4756–78 against Walter S. Jeffries as Administrator C.T.A.

2. The ten (10) corporations were alleged to have been formed by illegal diversion of American's funds by Raymond Geftman. The companies are Geftman Enterprises, Inc., Berkley Condominium Residences, Inc., Berkley Management Company of New Jersey, Geftman Construction Co., Inc., Conrad's of Atlantic City, Seacoast Development Corporation, Blue Ridge Realty and Development Corp., Geftman Building Company, Action Leasing Company and Black Expo Management, Inc.

Raymond Geftman has twice been convicted of felonies in connection with his handling of American's affairs and is currently under indictment for tax evasion and tax fraud resulting from an IRS determination that, *inter alia*, in the years 1972 and 1973 Raymond Geftman "converted funds and/or property of American Sanitary Sales and Service Co., Inc. to [his] own use ... as follows:
1972    $170,342.50
1973    $609,096.31."

of the Estate of Norman Geftman, deceased and Wayne Geftman, again seeking specific performance of purported buy-sell agreements (first New Jersey action). On November 9, 1979, Raymond Geftman obtained an order to show cause, in a case captioned *In the Matter of the Estate of Norman Geftman, Deceased*, Superior Court of New Jersey, Atlantic County, Law Division—Probate Part, Docket No. 59555 (second New Jersey action) why a proxy granted by Walter Jeffries to Wayne and Barry Geftman should not be voided.

The first and second Pennsylvania cases were consolidated before Judge Stanziani in the Montgomery County, Pennsylvania Court, while the first and second New Jersey actions were consolidated before the Honorable Martin L. Haines of the Atlantic County Superior Court of New Jersey. Of the four cases, Raymond Geftman, acting in the name of American, brought three actions and petitioners here brought one. At the specific request of Raymond Geftman the New Jersey case came to trial on August 13, 1980 with Raymond testifying and undergoing some cross-examination. On August 18, 1980 when trial on the preliminary issues was to resume, plaintiff by Raymond Geftman discharged its New Jersey counsel. Argument set for August 22, 1980 was attended by all counsel, including Pennsylvania counsel. None of American's old, new or Pennsylvania counsel would participate. Raymond Geftman would permit neither American's old counsel nor American's Pennsylvania counsel to represent American at the argument. The Company's new counsel refrained from active representation on the grounds that he had not been paid a retainer at that time and that he was not prepared. On September 8, 1980 Judge Haines, by written order, enjoined the parties and Raymond Geftman from undertaking any further proceedings, except those involving a request for a continuance, in Pennsylvania because Raymond Geftman, through his Pennsylvania counsel, had indicated in a letter dated August 21, 1980 that American was requesting an expedited listing of the Pennsylvania actions for trial in Montgomery County.

On September 15, 1980 Judge Haines acceded to the request of Judge Stanziani and met with counsel and Judge Stanziani in Philadelphia. This meeting climaxed prior activities of the parties, Raymond Geftman, counsel and the two judges. Numerous previous attempts of petitioners to proceed to trial in Montgomery County had been successfully resisted by American.[3] This resistance occurred at the same time American was pressing for trial in New Jersey. Judge Haines attempted to negotiate the matter of the two jurisdictions with respect to American's lawsuits. As a result of a conversation had by Judge Haines with the Honorable Richard S. Lowe, President Judge of the Common Pleas Court of Montgomery County, on August 18, 1980, together with a confirming letter of the same date, Judge Lowe stayed the first and second Pennsylvania actions. The record is unclear as to the final disposition of the stays entered by Judge Lowe; however, the September 15th meeting between Judges Stanziani and Haines did not resolve the bi-state jurisdictional clash. Later that day, Judge Haines orally appointed Joseph M. Nolan, Esquire, a New Jersey attorney, custodial receiver *pendente lite,* effective immediately. American's counsel asked for and received a stay pending an application to the Appellate Division of the Superior Court of New Jersey for leave to appeal the appointment. An application for a further stay of the appointment and leave to appeal was denied by the Appellate Division of the Superior Court of New Jersey and by the Supreme Court of New Jersey. On September 17, 1980 Judge Haines entered a written order appointing Joseph M. Nolan, Esquire, custodial receiver *pendente lite* of American.

On September 29, 1980 Judge Stanziani, through his secretary, advised counsel to be prepared to proceed to trial in Montgomery County on October 6, 1980, without certificates of readiness or praecipes for trial being signed by counsel

3. As late as August 11, 1980, American's Pennsylvania counsel contended discovery was not complete, asserted American was going to petition for an extension of the 240–day rule and that the New Jersey trial would begin on August 13, 1980; thus supporting the position that "under no circumstances is this case ready for trial...."

for both sides. On October 2, 1980, Mr. Nolan, the custodial receiver *pendente lite*, instructed Pennsylvania counsel "to take whatever steps may be necessary to insure [the] discontinuance" which Mr. Nolan had caused to be filed in the first Pennsylvania action. Counsel for petitioners had filed a discontinuance in the second Pennsylvania action (the stockholders' derivative action requesting an accounting, etc.). After petitioners filed and presented their petition for a writ of prohibition and writ of supersedeas to this writer, the matter was kept under advisement, pending action upon the parties agreement that the jurisdictional question resultant from the filing of the discontinuances be raised before Judge Stanziani. While petitioners filed a petition for rulings on jurisdictional issues with Judge Stanziani, respondent American by Raymond Geftman and counsel, Alan C. Kauffman, Esquire, filed a petition to strike off the discontinuance filed by the New Jersey custodial receiver, Joseph H. Nolan, Esquire. On October 14, 1980 after hearing argument on October 8, 1980, Judge Stanziani entered an order striking off the discontinuance in the first Pennsylvania case wherein American is the plaintiff although the second Pennsylvania case where American and Raymond Geftman are defendants remains discontinued. Judge Stanziani further ordered the matter to proceed to trial on October 20, 1980 in the face of the September 8, 1980 injunction of Judge Haines.

Petitioners' appealed the October 14th order of Judge Stanziani to the Superior Court where the appeal was quashed by Judge Cavanaugh on October 17, 1980. On that same day the custodial receiver in the Superior Court, Chancery Division, Atlantic County, New Jersey, sought and obtained an order to show cause why Raymond Geftman and Alan Kauffman, Esquire, Pennsylvania counsel for American, should not be found in criminal contempt for violation of the order of September 8, 1980 (third New Jersey action). It was further ordered that Raymond Geftman should appear at 9:00 a. m., October 20, 1980 to show cause why he should not be incarcerated until such time as he dismissed the first Pennsylvania action. Lastly, on October 17, 1980, a second hearing was had before this writer.

On October 20, 1980, American filed a petition for removal of its New Jersey actions to the federal court, in the United States District Court for the District of New Jersey. The same day the removal request was denied and the matter remanded back to the New Jersey court.

On October 20, 1980, in this Court a rule to show cause was issued upon the Honorable Joseph H. Stanziani, with all proceedings to meanwhile stay, in light of the above events and in order to afford the Court of Common Pleas of Montgomery County an opportunity to set forth its position regarding the requests for a stay of proceedings and a writ of prohibition.

Subsequent to oral argument before this Court in which counsel for petitioners and counsel for Judge Stanziani participated, in a matter entitled *American Sanitary Sales and Service Co., Inc. v. Walter S. Jeffries, Administrator C.T.A. of the Estate of Norman Geftman, deceased et al.; In The Matter Of The Estate of Norman Geftman, Deceased; and In the Matter Of Raymond Geftman and Alan Kauffman, Charged with Contempt of Court,* Supreme Court of New Jersey, M–348/349, September Term, 1980, the Supreme Court of New Jersey granted leave to the movants, American, Raymond Geftman and Alan Kauffman, Esquire, to appeal to that court and further a) dissolved the orders of the Superior Court, Chancery Division, Atlantic County, New Jersey directing the parties to halt further proceedings in Pennsylvania, b) vacated the orders to show cause why Raymond Geftman and Alan Kauffman, Esquire, should not be held in contempt, c) stayed all orders entered in the matter by the trial court including the appointment of the receiver and the establishment of the scope of the receiver's authority, pending disposition of an appeal, except to the extent the receiver may participate in the appellate proceedings directed by the Supreme Court of New Jersey, d) stayed all further proceedings in the trial court of New Jersey pending the appeal, e) remanded to the Superior Court, Appellate Division of New Jersey, for a full hearing on the

merits of the appeal and f) did not retain jurisdiction.[4] Petitioners' motion to dismiss the petition for leave to appeal in the Supreme Court of New Jersey was denied on the 25th of November, 1980 and their motion for reconsideration was denied December 3, 1980.

### Writ of Prohibition

After oral argument, Judge Stanziani, with leave granted, filed a post-trial argument memorandum of law. The issue *at the time of presentation of the petition for a writ of prohibition was,* is it an abuse of jurisdiction for a court to order a case or cases on for trial when a parallel case in a sister state involving the same subject matter and substantially the same parties is in progress, and the parties have been enjoined under pain of contempt sanctions from taking action in that court, except to seek a continuance, by the court of the sister state. Was that question a proper subject for this type of writ? In *Philadelphia Newspapers, Inc. v. Jerome,* 478 Pa. 484, 387 A.2d 425 (1978), Mr. Justice Roberts reiterated this Court's guidelines in writs of prohibition:

Prohibition is an extraordinary writ designed to assure regularity in judicial proceedings by preventing unlawful exercise or abuse of jurisdiction. *In re Reyes,* 476 Pa. 59, 381 A.2d 865 (1977); *Pirillo v. Takiff,* 462 Pa. 511, 341 A.2d 896 (1975); *Carpentertown Coal and Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948); *McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936). 'Its function is to restrain or prohibit an offending court from continuing its unwarranted conduct when the continuation threatens imminent harm to the individual on whose behalf the writ is issued.' Comment, "The Writ of Prohibition in Pennsylvania," 80 Dick.L.Rev. 472, 472–73 (1976) (footnotes omitted).

There is no question that this Court has jurisdiction to award a writ of prohibition. It possesses all of the processes of the King's Bench, unless limited by statute. We stated in 1936 in *McNair's Petition, supra,* "Such a writ is proper not

4. *See* Appendix A for full copy of the order of the Supreme Court of New Jersey dated November 25, 1980.

only wherever a court acts outside of its jurisdiction but also when there is an abuse of jurisdiction." This position has been affirmed consistently. Yet, the writ of prohibition, a great prerogative writ, must be used only with great caution and forbearance as it is an extraordinary remedy. Its purpose is to secure *order and regularity* in judicial proceedings when none of the ordinary remedies is available or adequate to provide relief. *See United States Alkali Export Association, Inc. v. United States,* 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945); *Roche, U.S. District Judge v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); *Philadelphia Newspapers, Inc. v. Jerome, supra; West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Commonwealth ex rel. Spector v. Shimos,* 457 Pa. 104, 320 A.2d 134 (1974); *In re Petition of Spector,* 455 Pa. 518, 317 A.2d 286 (1974); *Commonwealth v. Caplan,* 411 Pa. 563, 192 A.2d 894 (1963); and *Carpentertown Coal and Coke Co. v. Laird, supra.*

The substance of Judge Stanziani's argument is that the court which first asserts jurisdiction may continue its assertion without interference from another court which could have otherwise asserted jurisdiction. That position is inapposite when the action is *in personam, Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935). Judge Stanziani's position has been applied when the action is *in rem* or *quasi in rem. Penn Casualty Co. v. Pennsylvania, supra, Binenstock Trust,* 410 Pa. 425, 190 A.2d 288 (1963) (the administration of a trust); *Tallarico v. Bellotti,* 414 Pa. 535, 200 A.2d 763 (1964) (controversy regarding title to real estate in a decedent's estate). Although the jurisdictional significance of an action *in rem* or *quasi in rem* was radically affected by *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), that case does not come into play here, as American's suits for specific performance in Pennsylvania and New Jersey are *in personam.*

In this case, trial had begun in New Jersey; it had not begun in Pennsylvania. American's first Pennsylvania case

involved the purchase of stock in a Pennsylvania corporation bequeathed by will probated in the Superior Court of Atlantic County, New Jersey prior to the filing of the first Pennsylvania action. An injunction had been placed upon Raymond Geftman and the parties not to continue in Pennsylvania when the petition for writ of prohibition was filed and presented. The orderly and efficient administration of justice, as well as the need to terminate the threat of imminent harm to petitioners required the issuance of the rule to show cause and its accompanying stay.

Petitioners had raised the issues of irreparable harm, full faith and credit and comity in their petitions for writ of prohibition and supersedeas within the context of Judge Haines' orders and the trial then in progress, in the Trial Division of the Superior Court of New Jersey. Arguments in petitioners' briefs also addressed the issues. However, procedural events in the courts of New Jersey since October 23, 1980 radically changed the posture of petitioners. The November 25, 1980 order of the Supreme Court of New Jersey afforded comity to the Courts of Pennsylvania and restored order to the judicial processes affected by those matters pending in its appellate courts relating to the Geftman Estate, American and the Geftman brothers. Full faith and credit is no longer an issue here because all of Judge Haines' orders were stayed pending disposition of a directed appeal in the Appellate Division of the Superior Court of New Jersey. The litigation in Pennsylvania ("... to proceed in accordance with the practice and procedure of the Commonwealth of Pennsylvania....") was afforded comity by the Supreme Court of New Jersey. Thus, petitioners are no longer in threat of imminent harm. Obviously, under these circumstances, the extraordinariness present at inception, in this case, no longer exists.

The entire priority principle (portions of which were advanced by Judge Stanziani) is found in *Penn General Casualty Co. v. Pennsylvania, supra*:

Where the judgment sought is strictly *in personam*, for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res adjudicata* in the other. *See Buck v. Colbath, supra,* [3 Wall. 344] 342 [70 U.S. 334, 342, 18 L.Ed. 257]; *Kline v. Burke Construction Co.,* 260 U.S. 226 [43 S.Ct. 79, 67 L.Ed. 226] and cases cited at pages 230–231 [43 S.Ct. at 81]. But if the two suits are *in rem* or quasi *in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, see *Peck v. Jenness,* 7 How. 612, 625 [48 U.S. 612, 625, 12 L.Ed. 841]; *Taylor v. Carryl,* 20 How. 583, 595 [61 U.S. 583, 595, 15 L.Ed. 1028]; *Freeman v. Howe,* 24 How. 450, 459 [65 U.S. 450, 459, 16 L.Ed. 749]; *Buck v. Colbath, supra,* [3 Wall.] 341 [70 U.S. 341, 18 L.Ed. 257]; *Farmer's Loan & Trust Co. v. Lake Street Elevated R. Co., supra,* [of 177 U.S., 20 S.Ct. 564], and to protect the judicial processes of the court first assuming jurisdiction, *Wabash R. Co. v. Adelbert College, supra,* 54 [of 208 U.S., 38, 28 S.Ct. 182, 187–188, 52 L.Ed. 379]; *Palmer v. Texas,* 212 U.S. 118, 129, 130, [29 S.Ct. 230, 233, 234, 53 L.Ed. 435], the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise the jurisdiction to the exclusion of the other.

294 U.S. at 195, 55 S.Ct. at 389.

The principle is reaffirmed in *Princess Lida v. Thompson*[5] and cited as recently as June 9, 1980 in *Securities and*

5. 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

*Exchange Commission v. Wencke*, 622 F.2d 1363, 1372 (9th Cir.). The principle was applied to issues arising from the exercises of jurisdiction by the Court of Common Pleas of Philadelphia County and by the Orphans' Court of Philadelphia County in regards to the administration of a trust in *Binenstock Trust, supra.* Thus, Pennsylvania has applied the *Penn General Casualty* rule to intrastate jurisdictional clashes as well as between state and federal courts.

Even in the case of *Coyle v. Port Auth. Transit Corp. et al.*, 438 Pa. 99, 263 A.2d 739 (1970) where "comity" between states, rather than the priority principle, controlled the decision, underlying the decision of the court below (from which the appeal was taken) was an order of the New Jersey Superior Court at variance with orders of the Common Pleas Court of Philadelphia County. In this case, there are no such orders capable of creating conflict at the present time. *See* Appendix A. Thus, there is no need to consider issues of comity or equity in this case. The Common Pleas Court of Montgomery County does not abuse its discretion by not giving validity to the action of a foreign custodial receiver *pendente lite* whose legal existence and scope of power is in controversy at the appellate level in the appointing state. All other issues raised by petitioners are properly addressed by the trial court or upon appeal.

Accordingly, I would deny the writ of prohibition and dissolve the stay, and permit the matter to proceed in Montgomery County in due course.

FLAHERTY, J., joins in this dissent.

452

SUPREME COURT OF NEW JERSEY
M–348/349 September Term 1980

AMERICAN SANITARY SALES AND
SERVICE CO., INC., a Penn-
sylvania corporation,

    Plaintiff–Movant,

      v.

WALTER S. JEFFRIES, Administrator
C.T.A. of the Estate of Norman
Geftman, deceased, et al.,

    Defendants–Respondents.           O R D E R
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN THE MATTER OF THE ESTATE OF
NORMAN GEFTMAN, DECEASED.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN THE MATTER OF RAYMOND
GEFTMAN and ALAN KAUFFMAN,
Charged with Contempt of Court.

(Raymond Geftman and Alan Kauffman,
    Movants.)

This matter having been duly presented to the Court, it is ORDERED that the motion for leave to appeal is granted; and it is further

ORDERED that those portions of the September 8, 1980 and October 22, 1980 orders of the Superior Court, Chancery Division, Atlantic County, which directed the parties to halt further proceedings in related litigation in Pennsylvania are summarily vacated and such litigation is to proceed in accordance with the practice and procedure of the Commonwealth of Pennsylvania; and it is further

ORDERED that the October 17 and November 6, 1980 orders of the Superior Court, Chancery Division, Atlantic County, directing Raymond Geftman and Alan Kauffman to show cause why they should not be held in contempt of court are summarily vacated and all proceedings thereunder are hereby terminated; and it is further

ORDERED that all orders heretofore entered in the within matter by the trial court including, but not limited to, the appointment of the receiver and the establishment of the

scope of the receiver's authority are hereby stayed pending the disposition of the within appeal, except to the extent of permitting the participation of the receiver in the appellate proceedings directed by this Order; and it is further

ORDERED that all further proceedings in the trial court in this matter are hereby stayed pending the disposition of the within appeal; and it is further

ORDERED that this matter is summarily remanded to the Superior Court, Appellate Division, for a full hearing on the merits of the appeal; and it is further

ORDERED that jurisdiction is not retained.

WITNESS, the Honorable Mark A. Sullivan, Presiding Justice, at Trenton, this 25th day of November, 1980.

/S/   Stephen Townsend
Clerk

SUPREME COURT OF NEW JERSEY
M–368 September Term 1980

AMERICAN SANITARY SALES
AND SERVICE CO., INC., a
Pennsylvania corporation,

Plaintiff–Respondent,

v.

WALTER S. JEFFRIES, Administrator
C.T.A. of the Estate of Norman
Geftman, deceased, et al.,

Defendants.                          O R D E R

------------------------------------
IN THE MATTER OF THE ESTATE OF
NORMAN GEFTMAN, DECEASED.

(Barry Geftman, Wayne Geftman and the
Estate of Norman Geftman, Movants.)

This matter having been duly presented to the Court, it is ORDERED that the motion to dismiss the application for leave to appeal, captioned as a "Motion to Dismiss Appeal", is denied.

WITNESS, the Honorable Mark A. Sullivan, Presiding Justice, at Trenton, this 25th day of November, 1980.

/S/   Stephen Townsend
Clerk