## Commonwealth v. Apostolidis

*Mary Ann Killinger, Assistant District Attorney,* for Commonwealth.
*Sandra S. Newman,* for defendant.

VOGEL, J., August 8, 1980—This proceeding had its genesis in defendant Dr. Panayotis Apostolidis' desire at a preliminary hearing on July 3, 1980 to have an audio-visual record of the principal Commonwealth witnesses. Defendant was arrested on June 26, 1980 and charged with two counts of rape and indecent assault in violation of 18 Pa.C.S.A. §§3121 and 3126.

The District Justice of Lower Merion Township, Montgomery County, Seymour Green, Esq., refused such request, the hearing was continued, and the present motion of July 8, 1980 to permit electronic recording was heard by the undersigned on July 18, 1980. By our order of the same date we denied such request and we now explain our manifest reasons in this opinion since our order of July 18, 1980 is interlocutory.*

Great reliance is placed by defense counsel on Pa.R.Crim.P. 141(c)(4), which states:

"Rule 141 Preliminary Hearing

"(c) The defendant shall be present at any preliminary hearing except as provided in these rules, and may, if he desires: . . . (4) make written notes of the proceedings, or have his counsel do so, or make a stenographic, mechanical or electronic record of the proceedings."

By the imaginative argument that "electronic record of the proceedings" encompasses an audio-visual record, defense counsel seeks to have the same permitted so that the Commonwealth wit-

---

*While we respect capable defense counsel's argument, this court sees no *substantial* ground for a difference of opinion or controlling question of law as required by 42 Pa.C.S.A. §702(b) and entered its order re application for certification of appeal pursuant to 42 Pa.C.S.A. §702(b) of July 29, 1980, on August 8, 1980.

nesses will be videotaped for defendant's private purposes. (Motion to permit electronic record of proceedings of July 8, 1980,—paragraph 7.) We respectfully disagree.

Our reasons are readily apparent. Initially, the logical grammatical construction of Rule 141(c)(4) deals with *written note* taking or making an exact stenographic record of the proceedings by defendant. Clearly the conjunction "or" prior to "electronic record of the proceedings" provides an alternative to the words "stenographic, mechanical" as the means to transcribe the proceedings, i.e., a tape recording as in Wilson v. Blake, 475 Pa. 627, 381 A. 2d 450 (1977). It obviously does not create a *new* dimension of audio-visual transcription.

Pa.R.Crim.P. 27(a)(1) sets forth:

· "Rule 27 Publicity and Recording of Proceedings

"(a) During a hearing or summary trial the issuing authority shall: (1) prohibit the taking of photographs and motion pictures of the proceedings or in the hearing room during the proceedings and the transmission of communications by telegraph, telephone, radio, or television, in or from the hearing room."

In this rule there exists an absolute prohibition of taking "motion pictures . . . during the proceedings" much less the use of television "in . . . the hearing room." To permit defendant's request would be in direct violation of this mandate for this court sees no difference between usage of the terminology motion picture, television or, as the defense asserts, audio-visual. All of them provide a new dimension to the recording of a proceeding, namely, a pictorial rather than written record.

By defendant's brief and motion he seeks to justify such audio-visual transcription by represent-

ing that it will not be publicly displayed or disseminated, thereby circumventing the prohibition of Rule 27(a)(1), but kept by the defense for his purposes alone. Apparently, he seeks to come under the umbrella of Rule 27(a)(2) which states:

"Rule 27. Publicity and Recording of Proceedings

"(a)  During a hearing or summary trial the issuing authority shall: . . . (2) prohibit the mechanical recording of the proceedings by anyone for any purpose, provided that the issuing authority, the attorney for the Commonwealth, or the defendant, may cause such a recording to be made as an aid to the preparation of the *written record* for subsequent use in a case, but such recordings shall not be publicly played or disseminated in any manner unless in a court during a trial or hearing." (Emphasis supplied.) Unfortunately for defendant, such safeguards are only permitted for a *"written record"* and clearly did not envision an audio-visual record.

Defendant's reliance on Wilson v. Blake, supra, as authority to allow an audio-visual record is misplaced. The Supreme Court in assuming plenary jurisdiction pursuant to the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, sec. 205, 17 P.S. §211.205 [see now, Judicial Code, 42 Pa.C.S.A. §726], speaking through his honor, Mr. Justice Roberts, decided that Rule 141(c)(4) permitted a defendant to make a "tape recording at a preliminary hearing when the proceedings are officially recorded." Wilson v. Blake, supra, at 629. As stated at 630:

"Rule 141(c)(4) promotes important policies. Official stenographic records are not infallible. Transcription by means other than stenographic recording, or by a second stenographer, ensures the de-

fendant an accurate record. Moreover, a transcription made by the defendant is available to him immediately, unlike the official record which can require weeks or months to prepare and often cannot be furnished to defense counsel until the eve of trial. Finally, the means allowed a defendant for recording preliminary hearings are both inexpensive and convenient. Their use deserves to be encouraged rather than deterred."

Further, footnote 3 of the Wilson case, supra, sets forth as follows: "3. Cf.Pa.R.Crim.P. 27 (allowing mechanical recording of hearings as an aid to preparation of the *written record*)." (Emphasis supplied.)

Obviously, the Wilson case, supra, dealt with the written record and the defendant's right to make one of his own. Nowhere does it interpret Rule 141(c)(4) as entering the realm of a pictorial record by an audio-visual transcription.

Finally, defendant asserts through paragraph 8 of his motion certain facts, i.e., a medical doctor being defendant; no prompt outcry by the alleged victims; the times of the alleged incidents being in May, 1977 and March, 1980, so that tests are now unavailable, as facts which should permit his requested relief. Further, it is asserted that the use of audio-visual would not harass or bother the Commonwealth witnesses at the hearing. These arguments, even if correct, miss the point. If audio-visual is permitted in this proceeding for alleged specific factual reasons as defendant seeks to expand Rule 141(c)(4), it must obviously be permitted in all criminal prosecutions for Rule 141(c)(4) would equally apply to all cases irrespective of what facts exist.

This court does not believe Rule 141(c)(4) can be

interpreted as broadly as defendant would have us do. To grant defendant's request would expand the parameters and interpretation of "electronic record of the proceedings" to a field of communication and recording, i.e., audio-visual, which this court is confident was never envisioned, contemplated or provided for by the Supreme Court of Pennsylvania in Rule 141(c)(4).

Accordingly, our order of July 18, 1980, denying defendant's request was clearly proper.